TANNER *v.* DUNDEE LAND INVESTMENT Co. and another.

*(Circuit Court, D. Oregon.   July 5, 1882.)*

1. INTEREST ON NOTE.
    Where a note is made payable at a future day, "with" interest at a prescribed rate per annum, such interest does not become due or payable until the principal sum does, unless there is a special provision in the note or contract to that effect.

2. SPECIFIC PERFORMANCE.
    A contract to convey real property will be specifically enforced as prayed for by the plaintiff, where its terms are admitted by the defendant, and the only objection made to such performance is based upon a construction of the contract as to the part to be performed by the plaintiff, which in the judgment of the court is unsupported by the language of the contract or the circumstances of the case.

Suit in Equity for Specific Performance.

The plaintiff, *pro se.*

*Ellis G. Hughes,* for the defendants.

DEADY, D. J.   This suit was commenced in the state circuit court for this county and removed here by the defendants, one of whom is a British corporation and the other a British subject. It is brought to enforce the specific performance of a contract for the sale and conveyance of real property, and was heard on bill and answer.

It is alleged in the bill that the defendant the Dundee Land Investment Company, on July 15, 1881, was the owner of certain real property bounded as therein described, without stating the quantity, and situate in King's addition to Portland, and on the same day its manager, the defendant William Reid, entered into a written contract with the plaintiff, in which he acknowledged the receipt of

$400 from the plaintiff as a part of the purchase price of $2,500 for said real property, then occupied by the plaintiff as a residence, and also thereby agreed that he would within 60 days cause to be made and delivered to the plaintiff a warranty deed to the premises from his co-defendant. The agreement is signed by William Reid, but not the plaintiff, and in addition to the foregoing contains the following condition or stipulation:

" It is also understood and agreed that the balance due upon said purchase price, to-wit, the sum of $2,100, shall be paid in 20 notes of $105 each, payable one every six months, with interest at 10 per centum per annum upon each of said 20 notes of $105 each from their date; that is to say, the first of said notes shall become due and payable six months after the date thereof, and the second one year after the date thereof, and so on with the rest, and said notes shall be secured by a mortgage upon said property, to be made, executed, and delivered at the same time said deed is delivered."

That within the 60 days the deed aforesaid was duly executed and delivered to the defendant Reid for the plaintiff, who still has the same in his possession, but refuses to deliver it to the plaintiff; and that the plaintiff is still in the possession of the property, and has been and still is ready and willing to perform his part of said contract.

The answer of the defendants admits the allegations of the bill, except as to the offer of the plaintiff to perform and the refusal of the defendant to do so, and alleges the fact to be that the defendants have been and are ready to deliver the deed to the plaintiff as provided in the contract, but that he refused and still refuses to make and deliver his 20 promissory notes as aforesaid, payable one each six months from the date thereof, with interest at 10 per centum per annum, and the interest then accrued upon the whole of said sum of $2,100, or so much thereof as may remain unpaid.

On the argument the plaintiff admitted that by the terms of the sale he was bound to give his 20 notes for the balance of the purchase money, $2,100, payable one every six months, with the interest thereon from date; but the counsel for the defendants insisted that he was also bound thereby to undertake and promise, in or by said notes, that upon the payment of each of them he would also pay the interest then accrued and unpaid on all the rest of them; and whether he is so bound or not is the only question in the case.

No authorities have been cited by either party, and none will be referred to by the court.

It is too plain for argument that no interest is due on a promissory note payable at a future day, "with interest" at a certain rate per annum, until the principal sum is due. The promise to pay the interest is to pay it *with* the principal at the time the latter becomes due; and if the payee or holder of a note claims that interest is due and payable thereon during the period the note has to run, he must show some special provision or agreement to that effect before his claim can be allowed.

The only matter in this agreement or terms of sale upon which the defendants base their claim for notes with interest thereon, payable semi-annually, are the words, "upon each of said 20 notes of $105," as they occur in the clause declaring that the $2,100 shall be paid in 20 notes, "payable one every six months, with interest at 10 per centum per annum *upon each of said 20 notes* of $105 each from their date." But these words, "upon each of said 20 notes," are used in this connection merely to emphasize the idea already expressed, that each of said notes was to bear interest; and this is made still more apparent by what follows, "each from their date;" that is, each of these notes is to bear interest at the prescribed rate from its date. The words in this sentence, "each from their date," have just as much significance as the ones "upon each of said 20 notes." Strictly speaking they are both superfluous, for it was already provided that the $2,100 should be paid in 20 notes, payable one every six months, with interest at a prescribed rate, which could only mean that each note should bear such interest at and from its date. But if the plaintiff is bound by this clause to undertake to pay the interest on all the unpaid notes every six months, as one of them becomes due and payable, then he must agree to do so on each of them, not from the date of the last payment, but "from their date," which would require him to pay the first six months' interest on the last note 19 times over, and so on. But the agreement itself resolves this matter very clearly under a *videlicet* in the following clause: "The first of said notes shall become due and payable six months after date thereof, and the second one year after the date thereof, and so on with the rest;" the plain purport of which is that the principal and interest on each note were to become due and payable at once and together, and neither of them in instalments.

It may be that it was the intention of the defendant Reid, or that it was in his mind, that the interest on this sum, or the instalments of it which remained due from time to time, should be paid semi-

annually; but as he omitted to insert any provision to that effect in the terms of sale, he cannot now insist upon the delivery of notes to that effect as a precondition to the delivery of the deed.

A court of equity will decree a specific performance of a contract respecting real property where: (1) the contract is in writing; (2) is certain and fair in all its parts; (3) is for an adequate consideration; and (4) is capable of being performed. 2 Story, Eq. Jur. § 751.

There is no allegation in the answer of the defendants tending to show that the notes which the plaintiff offers to give, and the contract appears to require, were not an adequate consideration for the premises at the date of the sale, nor that any advantage was taken of the defendants in the sale, or any mistake made in reducing its terms to writing. The only objection made in the answer to a specific performance of the contract as prayed for by the plaintiff is that the plaintiff has not offered to perform it according to the construction which the defendants now seek to have put upon the terms of sale,—a construction which, it appears to the court, is altogether unsupported by the language of the writing or the circumstances of the case.

If there was a serious doubt about the terms of payment, the court would refuse to enforce the contract against the defendants' construction of it; but where there is no room for such doubt, the contract must be enforced notwithstanding the defendants' objection.

The decree of the court will be that the defendant Reid deliver the deed of the defendant the Dundee Land Investment Company to the plaintiff within 10 days, and upon the delivery to him of the notes and mortgage for the $2,100, as provided in the terms of sale, according to the judgment of this court, and that the plaintiff recover his costs.