[S. F. No. 2426. Department One.—December 16, 1902.]

SEYMOUR GABRIEL, Trustee of the Estate of G. E. Nicol, Respondent, v. F. TONNER, Appellant.

BANKRUPTCY—PREFERENCE OF CREDITOR—INTEREST OF BANKRUPT—REASONABLE CAUSE—AGREEMENT.—Under the Federal Bankruptcy Act of 1898, the intent of the bankrupt is not an essential element in the preference of a creditor; but the preference is measured by its actual effect, provided only the creditor has reasonable cause to believe that it was intended thereby to give a preference. It is not necessary to show that there was any agreement or arrangement between the parties to the preference.

ID.—ACTION TO SET ASIDE PREFERENCE—CONSTRUCTION OF ACT—VOLUNTARY AND INVOLUNTARY PROCEEDINGS.—An action by the trustee of a bankrupt to set aside an unlawful preference of a creditor, is not confined to a trustee appointed in involuntary proceedings; but section 67 of the Bankrupt Act should be construed as indicated in section 1 and applied as well to a case where the bankrupt files the petition voluntarily, as where it is filed against him. It should also be considered that section 60 of the act uses the gen-

eral expression "before the filing of a petition," without any indication as to the party filing the same.

ID.—ADMISSION OF VALUE OF PROPERTY—AMENDMENT OF ANSWER—CONDITION—DISCRETION OF COURT.—Where the answer of the preferred creditor admitted the value of the property obtained by him, and on the trial the defendant asked leave to amend so as to enable him to prove what the property brought at a sale under execution, the court had the discretion to impose as a condition of allowing the amendment the probable cost of a continuance rendered necessary by the amendment in order to take further depositions on behalf of the plaintiff.

ID.—PROPERTY SOLD UNDER EXECUTION—MEASURE OF RECOVERY.—In an action under section 60 of the Bankrupt Act, where the alleged preference consisted in that the insolvent debtor suffered a judgment to be entered against him by the creditor and his property to be sold under execution, the measure of the recovery is the property itself or its value, and not what it brought on the execution sale.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion.

P. L. Benjamin, for Appellant.

Joseph Kirk, and W. D. Mansfield, for Respondent.

GRAY, C.—This is an appeal by defendant from an order denying him a new trial.

The action was brought by the trustee of a voluntary bankrupt, under the Federal Bankruptcy Law, to recover the value of a stock of goods belonging to the bankrupt which had been seized and sold under execution in a suit begun by said defendant against said bankrupt within four months prior to the filing of the petition in bankruptcy. The case was tried with a jury.

1. Defendant requested an instruction to the effect that, in order to entitle the plaintiff in this action to recover, it would be necessary for the plaintiff to show that in the action of Tonner v. Nicol there was some agreement or arrangement between Tonner and Nicol by which it was understood between them that the said Tonner should be allowed to obtain

the judgment and levy upon and sell the property of Nicol, without regard to any legal rights said Tonner might have against said Nicol; and that it would not be sufficient to entitle the plaintiff to a judgment, that Nicol merely allowed Tonner to take judgment and levy upon and sell the property when the said Nicol had no legal defense to the action. These requested instructions were refused, and the court instructed the jury substantially in the language of subdivisions *a* and *b* of section 60 of the Federal Bankruptcy Law of 1898 (U. S. Comp. Stats. 1901, p. 3445.) In this we see no error. The subdivisions referred to read as follows:—

"*a*. A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

"*b*. If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

There is a clear distinction between the present bankruptcy law of 1898 and the former act of 1867. The present law does not make the intent of the bankrupt an essential element of a preference, but seems to measure the preference by its actual effect; requiring, however, as a basis for a recovery against the party intended to be benefited by the preference that he should "have reasonable cause to believe that it was intended thereby to give a preference." The law of 1867 required a showing of "intent to give a preference" on the part of the bankrupt. The differences in the language and effect of the two acts are clearly pointed out by the supreme court of the United States in *Wilson* v. *Nelson,* 183 U. S. 191.

Even if it were admitted that an intent to prefer must be shown to exist in the mind of the bankrupt to establish such

CXXXVIII. Cal.—5

an intent, it would not be essential to show that there was an "agreement or understanding" between the parties to the suit, so that on any reasonable construction of the act of 1898 the instructions requested were improper; and inasmuch as the instructions given followed the language of the statute and were full and complete in themselves, there can be no just ground of complaint as to the action of the court in this connection.

2. Defendant's contention that this kind of an action can be maintained only by a trustee appointed in *involuntary* proceedings cannot be upheld. Section 1 of the act (U. S. Comp. Stats. 1901, p. 3418) provides that "A person against whom a petition has been filed" shall include a person who has filed a voluntary petition. Section 67*f* of the act (U. S. Comp. Stats. 1901, p. 3450) should be construed as indicated in section 1, and applied as well to a case where the bankrupt files the petition voluntarily as where it is filed "against him." In the cases of *In re Easley,* 93 Fed. Rep. 419, and *In re O'Connor,* 95 Fed. Rep. 943, section 1 of the act seems to have been overlooked, and these cases should be disregarded, as indeed they have been by the supreme court of Massachusetts in the very recent case of *Brown* v. *Case,* 61 N. E. Rep. 279. It is also to be noted that while section 67*f*, by its terms and without taking into account section 1, applies to cases only where the petition is "filed against" the bankrupt, section 60 is not subject to any such limitation, but uses the expression, "before the filing of a petition," without any indication as to the party filing the same.

3. The answer admitted the value of the property to be $635. On the trial defendant asked leave to amend his answer so as to withdraw this admission and enable him to prove that the property brought only $448 on the sale. The plaintiff objected for the reason that he had taken depositions on the faith of the admission, and if it were withdrawn a continuance would be necessary to take further depositions. The court figured the probable expense of a continuance for that purpose at $74, and made the payment of that amount a condition of allowing the amendment. This was a matter within the sound discretion of the court, and we cannot say that it abused its discretion, especially as there is nothing to

show that $74 exceeded the actual or probable costs of the continuance.

Of course, in view of the admission in the answer as to the value, it was not proper to permit defendant to prove that the property brought less on the execution sale than its admitted value. Indeed, it is at least doubtful whether it would have been proper to prove such fact, even with the admission withdrawn from the answer; for under the section of the law (section 60, *supra*) authorizing the action, the measure of recovery is the property itself or its value, and not what it brought on the execution sale. For like reasons it would have been improper to instruct the jury, as requested by defendant, that the verdict could not exceed the sum of money realized from the sale and paid to Tonner on his claim.

For these reasons the order appealed from should be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.