FORBIS, ADMINISTRATRIX, APPELLANT, *v.* CANNON ET AL,, RESPONDENTS. ,

(No. 2,406.)

(Submitted May 17, 1907. Decided May 27, 1907.)

[90 Pac. 161.]

*Eminent Domain—Parties Entitled to Compensation—Trustees.*

> 1.  A railroad company, as plaintiff in a condemnation proceeding, deposited in court, agreeably to a stipulation between it and defendants, the amount fixed by the commissioners as damages for the taking of the land. · The holder of the legal title to the land, under a trust agreement, thereupon petitioned the court to have the money so deposited paid over to him. One of the beneficiaries under the trust objected to the petition, alleging that petitioner had mismanaged the affairs of the trust and that an action was then pending for an accounting and to have the trustee removed, and asking that payment to him be withheld until determination of such action. The court ordered payment to be made to petitioner of an amount equaling the shares of the nonobjecting beneficiaries. *Held,* that the trustee, as holder of the legal title to the land taken, was, under section 2227 of the Code of Civil Procedure, *prima facie* entitled to the money ordered paid to him.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

PROCEEDINGS by the Chicago, Milwaukee and St. Paul Railway Company of Montana against one White and others for the condemnation of certain land, in which the compensation money was paid into court, and in which John A. Cannon and another petitioned for an order requiring the clerk to

pay the moneys over to said Cannon, to which Mary D. Forbis, as administratrix of the estate of James W. Forbis, deceased, filed an answer. From a judgment granting the petition in part, Mary D. Forbis appeals. Affirmed.

*Mr. Chas. Mattison, Mr. M. J. Cavanaugh,* and *Mr. J. A Poore,* for Appellant.

*Mr. John J. McHatton,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

In the case of *Chicago, Milwaukee and St. Paul Railway Company of Montana* v. *White and others,* the plaintiff paid into the hands of the clerk of the district court of Silver Bow county the sum of $10,500, in accordance with a report of the commissioners, as compensation to the owners of one hundred and five lots in the South Park addition to the city of Butte. John A. Cannon held the legal title to these lots, subject to a certain trust agreement. The money was paid to the clerk under a stipulation which reads as follows:

"It is hereby stipulated and agreed, by and between the plaintiff, Chicago, Milwaukee & St. Paul Railway Company, of Montana, a corporation, and John A. Cannon, Mrs. John A. Cannon, J. W. Murphy, Jessie Spollock Murphy, O. E. Kenyon, Mary D. Forbis, and Mary D. Forbis, administratrix of the estate of James W. Forbis, deceased, and John A. Cannon, trustee, that the said parties have agreed as to the damages which they have and shall suffer by reason of the appropriation of the tract or tracts of land standing in the name of John A. Cannon, individually and as trustee, and sought to be appropriated and taken by the plaintiff in this action, and that the commissioners appointed herein are hereby authorized to fix the price at $100 per lot for each and every lot taken, or fractional lot. It is further stipu-lated and agreed that upon the report of said commissioners

in accordance with this stipulation, and their return of the same into court, the said money so allowed by them shall be paid into court by the plaintiff herein for the use and benefit of the parties hereto, without signifying or specifying the exact amount that each is to receive thereof."

On November 28, 1906, John A. Cannon and wife petitioned the district court for an order requiring the clerk to pay said moneys over to said Cannon, alleging that as such trustee he was the owner and entitled to the possession of the same. Mary D. Forbis, as administratrix of the estate of James W. Forbis, deceased, filed an answer to said petition, wherein she set forth that, as such administratrix, she was one of the beneficiaries of the trust, that Cannon had failed to account for trust funds coming into his hands, had refused to make any statement of the affairs of his trusteeship or to allow his books to be examined, had appropriated the trust funds to his own use, was insolvent, and that he could not be made to respond to any decree for the payment of the trust funds to those entitled thereto. She further alleged that an action was pending in the district court of Silver Bow county, wherein an accounting was sought with Cannon and his removal as trustee prayed for. She concludes as follows: "Wherefore this defendant prays that the order prayed for in the petition of John A. Cannon, filed herein, be denied, that his petition be dismissed, and that no distribution or disposition of said money be made until the respective interests of the parties shall be determined by the trial of said action numbered 8889, hereinabove mentioned."

The court granted the petition to the extent of ordering payment of three-sixths of the total amount of $10,500, comprising the beneficial interests of the petitioners and of J. W. and Jessie S. Murphy; the latter being beneficiaries who did not resist the petition. From this order, Mary F. Forbis, administratrix, appeals.

Our statute of eminent domain reads as follows, in part: "Payment may be made to the defendants entitled thereto,

or the money may be deposited in court for the defendants, and be distributed to those entitled thereto." (Code Civ. Proc., sec. 2227.)

We decide that, under the issues raised and tried in the district court, John A. Cannon, the holder of the legal title to the land taken, was *prima facie* entitled to the money that was ordered paid to him, and affirm the order appealed from.

We do not decide whether or not it is an appealable order, because that question is not presented in the briefs of counsel. Also, upon the question as to the jurisdiction of the district court to determine the rights of the respective claimants to this money in a summary manner, we express no opinion.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.