CHICAGO, MILWAUKEE & ST. PAUL RY. CO. v. WHITE
ET AL. KENYON, APPELLANT, v. CANNON ET AL.,RESPOND-
ENTS.

(No. 2,429.)

(Submitted January 18, 1908. Decided January 25, 1908.)

[93 Pac. 350.]

*Eminent Domain—Payment of Deposit to Trustee—Nonappeal-*
*able Orders.*

Eminent Domain—Deposit in Court—Payment to Trustee.
1. In answer to a petition by a trustee holding the legal title to land. which had been condemned for railroad purposes, for an order that the money deposited in court for the land be paid to him, one of the beneficiaries under the trust filed an answer alleging that petitioner had mismanaged the affairs of the trust, that an action was then pending for his removal, and asking that payment to him be withheld. The order asked for by the trustee was made. *Held,* that the court's action was correct, since the petitioner, as holder of the legal title, was *prima facie* entitled to the fund, a fact in effect admitted in the pleading of the objecting beneficiary.

Nonappealable Orders.
2. An order authorizing the payment of a fund deposited in court in condemnation proceedings to the person entitled thereto is not a special order after final judgment from which an appeal may be taken.

Same.
3. Nor is the above order one directing the delivery, transfer or surrender of property, within the meaning of section 1722 of the Code of Civil Procedure as amended (Laws 1899, p. 146), authorizing an appeal.

Eminent Domain—Deposit in Court—Persons Entitled.
4. It is only where no dispute arises as to who is entitled to a fund deposited in court in condemnation proceedings that the court can entertain a motion to direct the clerk to pay it over.

Appeal—Right to.
5. To entitle a person to an appeal, he must have been aggrieved by an order or judgment of a court.

*Appeal from District Court, Silver Bow County; Geo. M.*
*Bourquin, Judge.*

CONDEMNATION proceedings by the Chicago, Milwaukee and St. Paul Railway Company of Montana against W. McC. White and others. From an order directing payment of part of a fund in court to John A. Cannon, trustee, O. E. Kenyon appeals. Dismissed.

*Mr. W. A. Pennington*, and *Mr. C. P. Connolly*, for Appellant.

*Mr. John J. McHatton*, for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

The above-entitled matter was in this court once before, on the appeal of Mary D. Forbis, as administratrix. (*Forbis, Admx.*, v. *Cannon et al.*, 35 Mont. 424, 90 Pac. 161.) The nature of the proceeding is explained in the opinion, wherein the court said: "We decide that, under the issues raised and tried in the district court, John A. Cannon, the holder of the legal title to the land taken, was *prima facie* entitled to the money that was ordered paid to him, and affirm the order appealed from. We do not decide whether or not it is an appealable order, because that question is not presented in the briefs of counsel. Also, upon the question as to the jurisdiction of the district court to determine the rights of the respective claimants to this money in a summary manner, we express no opinion."

It appears from the record that O. E. Kenyon filed an answer to the petition of Cannon and wife, substantially the same as that of Mary D. Forbis, as administratrix, and he now appeals from the same order from which she appealed. Perhaps, in view of the fact that the language employed in the *last sentence* of the former opinion may have led the present appellant to believe that upon that appeal the question was given no consideration at all, it is advisable to add something to what was said in *Forbis* v. *Cannon*. The money was deposited in court by the Chicago, Milwaukee and St. Paul Railway Company of Montana as payment for one hundred and five lots in the city of Butte, the legal title to which was vested in John A. Cannon, as trustee. We held, in effect, that the so-called answers to the Cannon petition set forth no reason why the money should not be paid to Cannon as the person entitled thereto. In other words, no question was raised but that Can-

non was still trustee, and that the lots in question were a part of the trust estate. The so-called answering defendants sought to prevent Cannon from receiving the money, because, in another action pending, they were attempting to have him removed as trustee, after accounting for the trust funds. Had this appellant gone before the district court in answer to the Cannon petition, and alleged facts showing that Cannon was not entitled to the money, we have no doubt the district court would have refused to try the issue thus raised or make any summary order in the premises. But when his own pleading, if such it may be called, admitted in effect that Cannon was still trustee, and that the property of which the money was the proceeds was a part of the trust estate, he admitted that Cannon was *prima facie* entitled to the same.

We suppose there is no question that a trustee is entitled to the possession of the trust estate. How, otherwise, could he be charged with, and required to account for, the same? That is this case. The appellant's so-called answer requested the court to try, on motion, the question whether Cannon had been faithful, or otherwise, to his trust. In fact, it requested the court to try, on motion, the issues involved in the action brought to remove him. If the appellant desired to have this money safeguarded so that Cannon could not dissipate the same, he should, by some appropriate proceeding in the action for an accounting, have invoked the power of the court having jurisdiction in that case to preserve the fund until the final determination of that action. We indulge in the foregoing remarks upon the merits of this matter, because appellant appears to misconstrue the former decision of this court.

Respondents have moved to dismiss the appeal, for the reason that the order appealed from is not an appealable one. That order is not a special order made after final judgment. Neither is it an order directing the delivery, transfer, or surrender of property such as is referred to in section 1722 of the Code of Civil Procedure, as amended by Laws 1899, page 146. The order had no connection with the cause in which it was entitled.

That cause had been finally determined, and the money paid into the hands of the clerk. Any controversy as to the disbursement of the money must necessarily have been determined in another action. The special order, made after final judgment, from which an appeal lies, must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment. The order appealed from had no connection with the judgment in *Chicago, Milwaukee & St. Paul Ry. Co.* v. *White.*

It is only in cases where no dispute arises as to who is entitled to the money that the district court has power to entertain a motion to direct the clerk to pay it over. In this case the so-called answers raised no such issue, and the matter stood as though they had not been interposed. Therefore, the court made the order. But it was not appealable, first, because it was not a special order, made after final judgment, such as is contemplated by the Code; and, second, because the appellant was not aggrieved thereby, his rights under the trust agreement remaining in *statu quo.*

The appeal is dismissed.                                   *Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.