[Civ. No. 777.   Second Appellate District.—December 14, 1909.]

HOLLYWOOD UNION HIGH SCHOOL DISTRICT, a Public Corporation, and JAMES H. ADAMS & COMPANY, a Corporation, Petitioners, v. C. G. KEYES, County Clerk and Ex Officio Clerk of Board of Supervisors of the County of Los Angeles, Respondent.

HIGH SCHOOL BONDS—NOTICE OF ELECTION—ANNUAL OR SEMI-ANNUAL PAYMENT OF INTEREST ESSENTIAL.—In a notice of an election for bonds to be issued by a high school district, under section 1745 of the Political Code as enacted in 1909 (Stats. 1909, pp. 488, 489), the high school board is required to specify "the rate of interest, not exceeding six per cent per annum, *payable annually or semi-annually.*" When the notice only expressed that the bonds "shall bear interest at four and one-half per cent per annum," and wholly omitted the provision for annual or semi-annual payment, the defect in the notice is fatal to the validity of the bonds.

ID.—LEGAL EFFECT OF NOTICE GIVEN.—The legal effect of the notice given was to depart wholly from the statute, and make the specified rate of interest not payable until the maturity of the bonds.

ID.—MEETING OF MINDS ESSENTIAL TO VALID CONTRACT.—Under the law the taxpayers are made one party to the contract for the bonds and the purchaser of the bonds is another party thereto; and their minds must meet in order that the contract shall be valid.

ID.—MARKET VALUE OF BONDS INJURIOUSLY AFFECTED.—The failure to comply with the statute must of necessity injuriously affect the market value of the bonds as the subject of sale.

ID.—LACK OF POWER IN SUPERVISION TO CORRECT BONDS VOTED FOR.— The power given to the supervisors to order the issuance of bonds properly voted for after the return made of a proper election by the high school board does not confer upon them any authority to cure the omission to specify the time of payment of the interest in the notice of election for the bonds.

ID.—MANDAMUS NOT ALLOWABLE AGAINST COUNTY CLERK.—The bonds ordered issued by the supervisors being invalid, the action of the county clerk, as *ex officio* clerk of the board of supervisors, in refusing to sign the bonds ordered by the board, was justified, and *mandamus* is not allowable to compel him to sign them.

APPLICATION for writ of mandate to the county clerk of Los Angeles County, and *ex officio* clerk of its board of supervisors.

The facts are stated in the opinion of the court.

Hartley Shaw, for Petitioners.

O'Melveny, Stevens & Millikin, for Respondent.

THE COURT.—The petition discloses that the trustees of the Hollywood Union High School District heretofore, acting under section 1745 of the Political Code as enacted in 1909 (Stats. 1909, pp. 488, 489), gave notice to the taxpayers of the time and place for an election at which was to be determined the question of the issuance of bonds for purposes within the statute. This notice, it is conceded, contained all of the matters required by the section above stated, excepting that, in respect of interest, the notice provided that the bonds, which should be of the denomination of $1,000 each, "shall bear interest at the rate of four and one-half per cent *per annum*," whereas the statute provides that the notice shall designate "the rate of interest, not exceeding six per cent per annum, payable annually or semi-annually." It is the contention of respondent that the position of the county clerk, whose refusal to attest the bonds is the subject of this writ, is well taken, for the reason that the omission to designate the times of payment of interest in the notice is fatal to the validity of the bonds, and for that reason the clerk is justified in his refusal to attest the same.

It needs no argument to support the proposition that the proposal and offer to issue bonds of certain kind and character and the purchase thereof is a contract in which the taxpayer is one party and the bond purchaser the other, and, like every other contract, the minds of the parties must meet in order that it shall be valid. As the statute stood prior to 1909, the matter in relation to the fixing of the maturity of the interest was, by section 1670 of the Political Code, delegated to the board of supervisors as agents of the taxpayers, and the determination of the times of payment of interest by the board would bind the taxpayer. Section 1670 was repealed in 1909 (Stats. 1909, p. 473), and the discretion theretofore reposed in the supervisors in this regard was, by the terms of section 1745, as enacted in that year, reserved to the people themselves, and this is indicated by the statement as to what the notice of election should contain heretofore quoted. This construction is in harmony with the pres-

ent governmental policy tending to reserve to the people powers which have heretofore been delegated to representatives.

It is insisted by petitioner that these provisions of section 1745 with reference to the denomination of the bonds, and the time within which interest should be made payable, are but limitations upon the powers of the board, and are not to be considered as express declarations as to a material part of the notice. As we have before said, we are not in sympathy with this contention. We regard it as peculiarly significant that the express powers heretofore conferred upon the board of supervisors as the agents of the people should be by legislative act withdrawn from the agents, and the requirement in connection therewith should be found in the provisions relative to the notice of election; all of this indicating to our minds that it was the legislative intent that the people themselves, who bear the burden of taxation, should in the first instance express the character and extent of the obligation which they are imposing upon themselves, whether it apply to the denomination, rate of interest, or time of payment thereof.

Petitioner further insists that in the face of this construction the notice was nevertheless sufficient, for it provided that the rate of interest should be four and one-half per cent per annum, and in the form in which the bonds are proposed to be issued, and which form respondent refuses to attest, it is provided that the interest shall be payable annually. In other words, that the *"per annum"* in the notice justifies the use of the word "annually" by the supervisors. In contracts between individuals it is established that where the payment of interest is fixed at a per centum per annum, the same is payable at the time of the maturity of the principal obligation. (*Koehring* v. *Muemminghoff*, 61 Mo. 403; *Tanner* v. *Dundee etc. Co.*, 12 Fed. 646; *Ramsdell* v. *Hulett*, 50 Kan. 440, [31 Pac. 1092].) This rule, being recognized as to contracts between individuals, is particularly applicable to contracts, the evidences of which must be negotiated in the open market, and the market value of which is affected to some extent by the certainty or uncertainty of their terms; and it is obvious that a bond uncertain through an omission of express terms to indicate any material provision thereof

would be affected as to the value thereof by such omission. The contrary effect as to the general provision of interest payable per annum was determined in *Murphy* v. *San Luis Obispo* (Cal.), 48 Pac. 974, but in view of the rehearing granted in that case and the subsequent opinion in bank (119 Cal. 624, [51 Pac. 1085]), we do not regard that case now as an authority on this question, and that the question is open for decision and, we think, should be determined in harmony with the cases above cited. We do not fully appreciate the force of some of the decisions to which our attention has been called, the effect of which is to determine that the time for the maturity of the interest materially affects the rate of interest. We cannot understand how this can be said where the rate is expressly fixed by the contract. It does, however, and must of necessity, affect the market value of the instrument the subject of sale.

In our opinion, therefore, the omission to specify in the notice calling the election the times at which interest upon the bonds was payable cannot be cured by any action of the supervisors in fixing such times for the payment of interest, and that, as a consequence, the action of respondent in refusing to attest such bonds is justified.

Writ denied.