GALLUP, Respondent, v. CHELSEA STATE BANK, Appellant.

(152 N. W. 338.)

(File No. 3561.   Opinion filed April 28, 1915.   Rehearing denied June 19, 1915.)

1.  **Appeal—Error—Ownership of Bank Stock, Right to Recover, Value of—Findings Contrary to Evidence and Admissions—Reversal.**

    In an action to recover for value of bank stock, **held**, that, where the clear preponderance of evidence was in accordance with the admissions of the prevailing party, findings to the contrary should be set aside.

2.  **Pleadings—Conclusiveness Against Pleader—Ownership of Bank Stock—Admission in Answer—Estoppel.**

    Where, in an action by a stockholder to recover value of the stock under a contract of assumption of liability, plaintiff alleged his ownership of the stock, **held**, that defendant, whose admissions of such ownership in his answer were not withdrawn upon disclosure at the trial that plaintiff's wife was the owner thereof, was estopped to deny plaintiff's ownership.

Appeal from Circuit Court, Faulk County. Hon. JOSEPH H. BOTTUM, Judge.

Action by G. A. Gallup against the Chelsea State Bank, to recover the value of bank stock. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Corrigan & Darling,* and *W. S. Lauder,* for Appellant.

*W. L. Hursh, William B. McIntyre,* and *D. H. Latham,* for Respondent.

(2) Under point two of the opinion, Appellant cited: Am. & Eng. Ency. of Law, Vol. 11, pp. 421-423.

SMITH, J.   The German-American State Bank and the Chelsea State Bank were banking corporations, each with a capital stock of $5,000, doing business at the village of Chelsea. In September, 1909, the German-American State Bank sold, transferred, and delivered to the Chelsea State Bank its entire property and business with the view and understanding of effecting a consolidation of the two banks. By a written contract entered into between the two banks, the Chelsea State Bank assumed all the obligations of the other bank, described in a schedule of liabilities appended to the contract. The contract contained this clause:

"In assuming the liability itemized, 'Capital $5,000,' said party agrees to pay same to the holders of the stock of said capital, as their interest may appear on the books of said first party."

The contract of consolidation was fully carried out and executed with the alleged exception arising as follows: Plaintiff was the owner of 20 shares of capital stock of the German-American State Bank. He brings this action against the Chelsea State Bank, claiming to recover the face value of the stock, basing his action upon the clause in the contract above quoted.

The answer alleges that the plaintiff, being a stockholder when the contract of consolidation was agreed to, was present at the stockholder's meeting, and voted in favor of said consolidaiton, and at that time consented and agreed to receive and accept 20 shares of the stock of the Chelsea State Bank in lieu of the 20 shares of stock he held in the German-American State Bank, and that, pursuant to said agreement, said shares of stock in the Chelsea State Bank were issued to him with his

knowledge and consent, in the name of one Howe, then cashier of said bank, for the purpose of convenience in voting the shares of stock at general and special business meetings of the stockholders; that about the month of July, 1910, the Chelsea State Bank became insolvent, was taken in charge by the state public examiner, and about the 7th of September, 1910, all the shares of capital stock of said bank were taken up and canceled by said public examiner because of the insolvency of the bank; that shortly after said bank became insolvent and was taken in charge by the public examiner, and long prior to the cancellation of said shares of capital stock, the plaintiff went to Chelsea, examined the books and records of said bank, and admitted that he was the owner of 20 shares of capital stock in said bank; that thereafter all the assets and corporate property of the Chelsea State Bank were sold by the public examiner and the creditors of the bank to the present owners; the plaintiff had full knowledge of said sale and all proceedings had, but did not assert any claim against said insolvent bank; that the purchasers of said bank prior to said purchase duly examined the books and records of the bank, including the inventory filed by the public examiner, and found no record that plaintiff had an interest in said bank, or that he had ever asserted any claim whatever against the said bank, and that plaintiff should be estopped from making any claim against defendant.

The issues were tried to the court, which made findings of fact and conclusions of law favorable to the plaintiff. The trial court found that the plaintiff did not agree to accept 20 shares of stock in the Chelsea State Bank in lieu of 20 shares in the German-American State Bank, or that shares therein should be issued to him in the name of Howe; that said shares of stock were not issued to the plaintiff, nor was he the owner thereof; and that plaintiff had not been paid the sum of $2,000, the value of said stock, as agreed in said contract of consolidation. Defendant appeals, alleging, among other things, insufficiency of the evidence to sustain these findings and the conclusion of law based thereon.

[1] The evidence introduced at the trial was somewhat voluminous, and its recapitulation would serve no useful purpose. A

careful examination of all the evidence, however, satisfies us that the findings of the trial court are against the clear preponerance of the evidence. The plaintiff himself, upon cross-examination, practically admits the allegations of the answer above referred to, and they are sustained by the evidence of a number of other witnesses, and really disputed by none.

[2] In view of the fact that a new trial must be awarded, we shall refer to another error urged by appellant. Upon cross-examination at the trial, plaintiff testified that the $2,000 paid for the stock in the German-American State Bank belonged to his wife, and that she was the owner of the 20 shares of stock in that bank. Appellant now contends that, under this evidence, plaintiff is not the real party in interest, and cannot maintain this action. In answer to this contention, it is sufficient to observe that the complaint alleged that plaintiff was the owner of said shares of stock, and the defendant's answer admits this allegation. This admission by plaintiff, upon cross-examination, may have disclosed a fact not known to defendant at the time the answer was drawn, but when it was disclosed at the trial, defendant made no application for leave to amend its answer, by withdrawing its admission of plaintiff's ownership of the stock, or denying the same. Under such conditions, the defendant is estopped from denying that plaintiff is the real party in interest. Baker v. Warner, 16 S. D. 292, 92 N. W. 393.

"Admissions made in the pleadings are conclusive upon the party making them, as long as they stand upon the record, and no evidence can be shown to contradict them." 31 Cyc. 214 (e); Gabriel v. Tonner, 138 Cal. 63, 70 Pac. 1021.

The judgment and order of the trial court are reversed, and the cause remanded for a new trial.