GALLUP, Appellant, v. THE CHELSEA STATE BANK,
Respondent.

(178 N. W. 449.)

(File No. 4478.   Opinion filed June 22, 1920.)

**Contracts—Bank Stock of Vendor Bank, Vendee Bank Insolvent, Lia-
bility of to Pay Vendor Bank Stock, Owner Not Vendee Stock-
holder.**

Where a bank's assets and business were purchased by an-
other bank, under a contract requiring vendee to assume all
liabilities and obligations of vendor bank, including "capital
$5000," being the authorized capital stock of vendor bank;
vendee bank having become bankrupt and its assets disposed of
through bank examiner under Laws 1909. Ch. 222 (Secs. 8917
to 9004, Rev. Code 1919,) the liabilities of the vendee bank
being greater than the assets; there being no obligation under
the sale contract that stockholders in vendor bank should take
stock in vendee bank, and there being contention as to whether
plaintiff, owner of stock in vendor bank, became a stockholder
in vendee bank; plaintiff not having filed his claim with bank
examiner for payment for his stock out of proceeds of the bank-
rupt's assets, and though having full knowledge of the facts,
stood by and permitted vendee bank to reorganize without
notice of his claim, to purchase assets from the examiner and
issue new stock based solely on the inventory and schedule of
liabilities, without making note that he held a claim against
the insolvent bank or expected the reorganized bank to pay his
claim, and having asserted no interest in vendee bank or its
assets, he was thereby estopped from asserting its liability
therefor; and trial court rightly found the facts accordingly.

Appeal from Circuit Court, Faulk County. Hon. Carl G. Sherwood and Hon. Joseph H. Bottum, Judges.

Action by C. A. Gallup, against The Chelsea State Bank, a corporation, to recover the value of certain bank stock held by plaintiff in the German American State Bank, assignor of defendant bank. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*W. L. Hursh, Wm. B. McIntyre,* and *D. H. Latham,* for Appellant.

*W. F. Corrigan,* and *W. S. Lauder,* for Respondent.

Appellant cited, to effect that he is not estopped: Abel v. Allemania Bank, 82 N. W. 680; Hackett v. Callender, 33 Vt. 97.

Respondent cited: Am. & Eng. Ency. of Law, Vol 11, page 421-423.

McCOY, P. J. This action was instituted by plaintiff to recover from defendant the sum of $2,000, the value of certain bank stock. Plaintiff alleges defendant promised and agreed to pay him said amount therefor. Findings and judgment were in favor of defendant and plaintiff appeals.

This case was before this court on a former appeal. 35 S. D. 367, 152 N. W. 338. On that appeal the judgment was reversed on the ground that certain findings of fact were against a clear preponderance of the evidence. The questions involved on this appeal are in no manner affected by the former decision.

From the record it appears that on and prior to September 11, 1909, there were two banks in the town of Chelsea, viz. German-American State Bank and the Chelsea State Bank, each having a capital stock of $5,000; that the plaintiff, appellant, was then the owner of 20 shares of stock of the face value of $100 each inthe German-American Bank; that on the 11th day of September, 1909, by and with the consent of the appellant, the officers and board of directors of said German-American Bank entered into a contract with the Chelsea State Bank, whereby the said German-American Bank "sold, transferred and delivered" to said Chelsea Bank all its corporate property, real, personal and mixed, including all its resources, choses in action, and all other matters of business, in consideration of the sum of $1,000 cash, and the further consideration that said Chelsea Bank would assume and pay all the liabilities and obligations of said German-

American Bank; and that in assuming the liability itemized "Capital $5,000.00" the said Chelsea Bank agreed to pay the same to the holders of said stock as their interest might appear on the books of said German-American Bank. It is the obligation arising from the express provision of this contract to pay the holders of the capital stock in the German-American Bank that is now sought to be enforced by this action against the defendant, the Chelsea State Bank.

It appears that upon the entering into of said contract the said German-American Bank ceased to do business as a bank, and in fact ceased to exist. Some of the stockholders of the German-American Bank thereafter took stock in the Chelsea Bank in lieu of that held by them in the German-American Bank. As will be observed, there was no obligation imposed by said contract that the stockholders in the German-American Bank must take stock in the Chelsea Bank. It also appears that under said contract the Chelsea State Bank took into its possession all the property, resources, and assets of the German-American Bank, and fully carried out the provisions of said contract, except that appellant claims he has never in any manner been paid for his said stock. Much contention is made as to whether or not the appellant became a stockholder in the Chelsea Bank. Under the view we take of this case, it is not material whether he did or did not have issued to him stock in the Chelsea Bank in lieu of that held by him in the German-American Bank. The vital question for determination is whether, under the circumstances happening subsequent to the entering into of said contract, there is now any legal liability on the part of respondent bank to pay appellant the value of his said stock by virtue of the agreement to do so, made by the Chelsea State Bank of September 11, 1909. In July, 1910, the Chelsea State Bank became insolvent, and was taken possession of by the state banking department for the purposes of liquidation and closing out of the affairs thereof under the statutes of this state, chapter 222, Laws 1909, now included in section 8917 to 9004, Rev. Code 1919. By virtue of the statute then in force, the bank examiner was authorized to take possession of insolvent banks and their assets, and close out the business thereof by disposing of the assets and applying the proceeds thereof in satisfaction of the liabilities, in whole or in

part, under such orders as the circuit court should make in relation thereto. In this case the net insolvency was more than double the face value of the capital stock of the said Chelsea State Bank. If, when the affairs of this insolvent bank were being liquidated, appellant had been a stockholder of said Chelsea Bank, his stock would have been a liability rather than an asset, and would have been of no value whatever, and would have been canceled and retired by the bank examiner along with all the other capital stock of said insolvent bank. If the Chelsea Bank was only an ordinary debtor, under the contract, it was then his duty to present and file his claim with the bank examiner for allowance to the end that he might receive his pro rata share of the proceeds derived from a disposition of the assets of said insolvent bank. In the course of administration and liquidation, the bank examiner took possession of all the assets of said insolvent bank, disposed of a portion thereof to one Schouwieler and others for about $45,000, which was applied to the pro rata payment of liabilities amounting to about $57,000. Thereafter, without reincorporation, said Schouweiler and others reorganized said bank, paid into the same $10,000, issued new capital stock to that amount, and have since transacted a banking business as a corporation under the corporate name of the Chelsea State Bank, which reorganized banking corporation is the respondent in this case.

Appellant both affirmed and denied that he was a stockholder of said insolvent bank. He did not make or file a claim for allowance with the bank examiner. He was present, and with full knowledge of the facts stood by and permitted the said reorganizers of said bank without notice of appellant's claim, to purchase assets from the examiner, and issue new stock, based solely on the inventory and schedule of liabilities on file with the examiner, without making known to them that he held a claim against said insolvent bank, or that he expected the said reorganized bank to pay a claim held by him, or that he had or asserted any interest in said bank or its assets. The respondent pleaded these matters in estoppel. The trial court found the same to be true, and that by reason thereof appellant should be estopped, and should not now be heard to say that he has any remedy against the respondent under and by virtue of said contract. We

are of the opinion that the evidence is sufficient to sustain such findings, and they fully warrant the conclusions.

The judgment and order appealed from are affirmed.