APPLE, RESPONDENT, *v.* SEAVER, APPELLANT.

(No. 5,395.)

Submitted February 16, 1924. Decided March 4, 1924.)

[223 Pac. 830.]

*Pleadings—Amendments—Payment of Costs as Condition Pre-*
*cedent—Appeal and Error—Special Order After ·Final Judg-*
*ment—When Appealable.*

Pleadings—Amendment—Payment of Costs as Condition Precedent to
Granting Leave—When Proper.
1. Where defendant in a cause appealed to the district court from
a justice's court did not ask for leave to amend his answer until a
jury had been sworn to try the cause although the transcript from
the justice's court had been on file with the clerk of court for over
two months thus giving him ample time to seek permission to amend,
and the amendment sought to be made changed the issues entirely,
the court did not abuse its discretion in granting leave on condition
that he pay plaintiff's costs.

Appeal—Special Order After Final Judgment—When Appealable.
2. To render a special order made after final judgment appealable
under section 9731, Revised Codes of 1921, it must be one affecting
rights incorporated in the judgment.

Same—Special Order After Final Judgment—When not Appealable.
3. An order denying defendant's motion for leave to amend his
answer after judgment had been rendered and motion for new trial
denied was not a special order made after final judgment within the
meaning of section 9731, *supra* (par. 2), and was therefore not
appealable.

Appeal from District Court, Fergus County; John C. Hun-
toon, Judge.

ACTION by F. C. Apple against Stanley Seaver. Judgment
for plaintiff and defendant appeals. Affirmed.

*Mr. Fritz Harri,* for Appellant, submitted a brief.

*Messrs. Cheadle & Cheadle,* for Respondent, submitted a
brief; *Mr. E. K. Cheadle* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This action was commenced in the justice court of Big Spring
township, Fergus county, on January 29, 1923, by the filing

of a complaint. The defendant filed his answer thereto on February 5, 1923, and the case was set for trial on February 8, 1923, at which time a part of the testimony was taken, and then the trial was by agreement continued to the fifteenth day of February, 1923, at which time it was concluded, and the justice rendered judgment in favor of plaintiff, from which defendant took a timely appeal to the district court. The transcript from the justice's court was filed in the district court on February 20, 1923.

In the complaint plaintiff alleged that on October 15, 1922, while he was driving his team and wagon along a public highway, with due care and caution, in the night-time, the defendant was driving an autotruck along the same highway in an opposite direction without lights, at a reckless and dangerous rate of speed, on the left-hand side of the road, and carelessly and negligently ran into the plaintiff's team and wagon, injuring and damaging the same to the extent of $255, for which amount he asked judgment.

The defendant's answer filed in the justice's court consisted of three sections, the first of which put in issue all the allegations of plaintiff's complaint. The second section was styled ''a further answer and defense,'' and pleaded facts tending to show contributory negligence on the part of the plaintiff, which caused the accident. The third section undertook to set up a counterclaim growing out of the alleged breach of a contract between plaintiff and defendant concerning the exchange by plaintiff of some real estate located in Lewistown for some personal property of the defendant. It is alleged that plaintiff agreed to pay the taxes on the real estate, that he failed to do so, and that defendant had been obliged to pay the same, amounting to $26, and for this amount, together with the value of some personal property, amounting to the further sum of $7.50, he asked judgment against plaintiff.

The case was tried in the district court on May 4, 1923, and resulted in a verdict and judgment in favor of plaintiff for the sum of $155 and costs. Defendant made a motion for a new trial, which was denied on May 28, 1923. From this judg-

ment defendant has appealed, and has also attempted to appeal from the order denying his motion for a new trial; but an appeal from such an order is abolished under section 9745, Revised Codes of 1921.

Defendant's first specification of error is: "The court erred in denying appellant's motion to amend the amended answer."

The other specifications of error which require notice present the same matter in different forms, and all will be treated together.

1. After the jury had been impaneled in the district court counsel for defendant said: "If the court please, I want to amend paragraph 2 of the further and separate answer and defense, so as to read that this $25, instead of being paid in taxes, was paid as a settlement. That is the theory we tried the case on. I have my copy of the paragraph which should be in those files."

By an examination of the "further and separate answer and defense" set forth in defendant's answer it is disclosed that it only contains one paragraph, and no reference is made therein to any settlement or to the payment of $25 or any other sum; so the proposed amendment quite evidently did not refer to it. Paragraph 1 of the third section of defendant's answer, designated as a "counterclaim and cross-complaint," does make reference to the payment by defendant of $26 as taxes which he claims should have been paid by plaintiff, and which payment was the basis of the larger part of the counterclaim. But counsel's motion was not directed to an amendment of that paragraph of the answer.

In order to determine just what counsel had in mind in making his motion to amend resort must be had to the transcript of the proceedings had in connection with the motion. From the colloquy between the court and counsel in connection with the proposed amendment we gather these facts:

Defendant claimed to have filed an amended answer in the justice's court when the trial of the cause was resumed on February 15, 1923, but the copy of the justice's docket embraced in his transcript filed in the district court failed to

disclose this fact. Amongst the papers in the district court files was a sheet of paper, without any filing-mark of either the justice of the peace or the district court thereon, which counsel for defendant stated was the first page of an amended answer which he had delivered to the justice of the peace at the time of the resumption of the trial on February 15, and what he sought to accomplish by his proposed amendment was to attach to this sheet of paper a carbon copy of what he stated was the second page of the amended answer delivered to the justice of the peace. In other words, he sought to amend an amended answer which, so far as disclosed by the record then before the court, had never been filed.

As in order to determine just what counsel had in mind in making his motion to amend, so in order to understand the ruling of the court upon the same, resort must be had to the whole record in connection therewith. Counsel for plaintiff objected to the amendment on the ground that it stated an entirely new issue, not embraced within the original answer, and the court said it would permit the amendment to be made, but that if it took plaintiff by surprise, he would be entitled to a continuance, and that defendant would have to pay the costs. Plaintiff consented to the amendment on those terms. Thereupon counsel for defendant withdrew the proposed amendment and excepted to the ruling of the court; but, upon being advised by the court that, if he withdrew his proposed amendment, there would be no grounds for exception, counsel attached the part of the alleged amended answer found in the files to the carbon copy which he stated constituted the balance thereof, and offered to file the same as his amended answer in the case. Thereupon the court, remarking that this amended answer changed the entire issues in the case, granted leave to file the same upon condition that defendant pay plaintiff's costs to date. Counsel for defendant then announced: "Well, at this time we except to the court's ruling and go to issue on the original answer."

The only fair conclusion to be drawn from this record is that the purpose and intent of the court's ruling was to grant

defendant leave to file his amended answer, but that, if the same took plaintiff by surprise so as to necessitate a continuance of the trial, plaintiff's costs caused thereby would have to be paid by defendant.

Under the provisions of section 9187, Revised Codes of 1921, [1] the court may in furtherance of justice, and on such terms as may be just, allow a pleading to be amended at any time. It is within the discretion of the court to make the payment of costs of a continuance occasioned by an amendment a condition precedent to allowing the same. (*State ex rel. Congdon* v. *District Court,* 10 Mont. 456, 26 Pac. 182; *Gabriel* v. *Tonner,* 138 Cal. 63, 70 Pac. 1021; *Jones* v. *Stoddart,* 8 Idaho, 210, 67 Pac. 650.)

We fail to see any abuse of discretion in the ruling of the court complained of. The justice's transcript had been on file in the office of the clerk of the court for two months and a half before the date of the trial. If it was incomplete, defendant had ample opportunity to have it corrected, and likewise had ample time to have sought leave to amend his answer if he desired to do so. He did neither of these things, but delayed until after a jury had been called and sworn to try the issues before making any application whatever, and he ought not now be heard to complain of the action of the court in imposing reasonable terms as a condition precedent to allowing an amendment of his answer under such circumstances, which completely changed the issues so far as the plaintiff was concerned.

2. Subsequent to the denial of his motion for a new trial, and on June 18, 1923, defendant filed a motion for an order [2, 3] authorizing him "to substitute, file and use instead of the original a copy of page 2 of his original amended answer in the above-entitled cause, which page 2 of his original amended answer has been lost." This motion was denied on June 25, and defendant has attempted to appeal from the order of denial. Section 9731 authorizes an appeal from any special order made after final judgment. Speaking of the order from which an appeal may be taken under this section, in *Chicago, M. & St. Paul Ry. Co.* v. *White,* 36 Mont. 437, 93

Pac. 350, this court said: "It must be an order affecting rights incorporated in the judgment."

Counsel's purpose in making this application in reference to the pleadings after the case had gone to judgment and his motion for a new trial had been denied is not apparent; but in any event the order denying the same is not embraced within those from which an appeal may be taken under the above section.

The attempted appeals from the order denying defendant's motion for a new trial and the order denying the motion for leave to substitute, made on June 25, 1923, are dismissed and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.