TARDY ET AL. *v.* TARBELL ET AL.

No. 2995

December 7, 1932.                    16 P.(2d) 656.

*Noland & Noland,* for Respondent E. R. Tarbell:

*A. A. Hinman,* for Appellants:

## OPINION

By the Court, DUCKER, J.:

This is a motion to dismiss the appeal. The appeal was taken from an order of the Eighth judicial district court refusing to quash and recall the execution in the case of E. R. Tarbell, Plaintiff, v. Black Canyon Holding Company, a Corporation, Defendant, No. 3107. Application for the order was made by the plaintiff in another action in said court, to wit, the case of Ella B. Tardy, Plaintiff, v. E. R. Tarbell et al., Defendants, No. 3495. The appeal from said order was taken by said Ella B. Tardy and her attorney in said last-named case, A. A. Hinman, who was also her attorney on application for said order. Prior to the making of the application for

the order, a writ of attachment was issued out of case No. 3495 levied upon the indebtedness evidenced by the judgment in case No. 3107. Thereafter, to wit, on February 4, 1932, judgment was rendered and entered in case No. 3495 in favor of the plaintiff and against the defendant, E. R. Tarbell, for the sum of $3,635, which said judgment remains unpaid and unsatisfied in whole or in part. On the 24th day of February, 1932, execution was issued in case No. 3107 and levied upon certain real property belonging to the defendant therein, and notice of sale under said execution given for the 20th day of April, 1932. On the 9th of April, 1932, Ella B. Tardy, plaintiff in case No. 3495, served upon Noland & Noland, attorneys for plaintiff in case No. 3107, notice of her motion to recall and quash said execution. Notice of said motion was not served upon plaintiff in that action.

On the 16th day of April, 1932, said E. R. Tarbell, appearing specially, objected to the hearing of the said motion upon the ground that he had not been served with notice of said motion, and that the court was without jurisdiction to hear the same. The objection was heard and the order made, which has been appealed from as previously stated.

■ We think the order refusing to quash and recall said execution is not appealable. Section 8885 N. C. L., provides in part that an appeal may be taken "from any special order made after final judgment." Appellant contends that this provision is without any limitation or restriction. But if this were true, then a party to the litigation or one not a party might continue the litigation to an unreasonable extent. As stated in Weed v. Weed, 55 Mont. 599, 179 P. 827, 828, "there would never be an end to litigation if either party sought to harass or annoy the other."

In the above case the court approved the construction of a provision of the Montana Code, which is the same as the provision under consideration, made by the supreme court of Montana in the case of Chicago, M. &

St. P. Ry. Co. v. White, 36 Mont. 437, 93 P. 350, 351. It was stated that the earlier decision had the support of the authorities generally, citing Griess v. State Inv. & Ins. Co., 93 Cal. 411, 28 P. 1041; Kaltschmidt v. Weber, 136 Cal. 675, 69 P. 497; 3 C. J. 519.

■ In construing the statute, the court in Chicago, M. & St. P. Ry. Co. v. White, supra, said: "The special order, made after final judgment, from which an appeal lies, must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment."

This is an expression of the correct principle. The order appealed from does not fall within its scope. Neither of the appellants against whom the order was made is a party to the action in which the judgment was entered, nor does the order affect any right included therein. Appellants rely upon the case of Comstock M. & M. Co. v. Allen, 21 Nev. 325, 31 P. 434, 435, in which it was said: "The statute provides for an appeal from 'any special order made after judgment.' The right is given without limitation or restriction."

■ This language is broad enough to support their contention, but the court in that case was not considering a question like the one presented here. The appeal in that case was from an order retaxing costs, and was taken by a party to the action. It was clearly an order contemplated by the statute as a special order after final judgment. That the court in its opinion used language broad enough to include any order made after final judgment, however frivolous the application for it may have been, or if made by a stranger to the action, is of no consequence as an authority.

It was stated by the court in Jensen v. Pradere, 39 Nev. 466, 159 P. 54, 55: "A case is only an authority of what it actually decides."

The cases of Saval v. Blume, 41 Nev. 212, 168 P. 909, and Floyd v. District Court, 36 Nev. 349, 135 P. 922, 4 A. L. R. 646, are not in point.

The appellants, not being parties to the action, have no right to be heard, or to appeal from said order. Hence the appeal must be dismissed.

It is so ordered.