GEORGE E. WILKINSON, APPELLANT, *v.* VELMA L. WILKINSON, RESPONDENT.

No. 3932

May 21, 1957                                              311 P.2d 735

(Petition for Rehearing denied May 21, 1957.)

*Oliver C. Custer,* of Reno, for Appellant.

*Gordon C. Shelley* and *Harry A. Busscher,* both of Reno, for Respondent.

# OPINION

## ON MOTION TO DISMISS

*Per Curiam:*

This is an appeal from order of the trial court granting preliminary counsel fees.

In the action below a decree of divorce was granted to respondent wife in 1952 which decree also made provisions relative to custody of the minor children and the settlement of the property rights of the parties. On March 26, 1953, implementing that decree of divorce, an order was made by the trial court restraining the appellant husband from disposing of any of his property. On November 15, 1955 a motion was made by appellant husband to dissolve the restraining order upon the ground that the need for it no longer existed. Respondent wife then moved the court for allowances to permit her to defend against appellant's motion. The court ordered the payment of $500 preliminary counsel fees. From that order this appeal is taken.

Respondent has moved to dismiss the appeal upon the ground that it is not an appealable determination under Rule 72(b) NRCP. That rule provides that an appeal may be taken from "any special order made after final judgment." The question presented by the motion to dismiss is whether this appeal is from such an order.

The mere fact that the order in point of time is made after a final judgment has been entered does not render it appealable. It must affect the rights of the parties growing out of final judgment. Tardy v. Tarbell, 54 Nev. 342, 16 P.2d 656.

The order here bears no relation to the final judgment or to its operation or enforcement. It relates instead to the proceedings which remain pending, and in relation to those proceedings is ancillary and interlocutory to the same degree as an order for allowances pending final decree is ancillary and interlocutory to the principal action. The nature of this order, then, is not that of an order after final judgment but of an interlocutory order ancillary to pending proceedings.

Appeal dismissed.