## RICHARD LEVINSON, Appellant, v. JOAN LEVINSON, Respondent.

No. 4059

May 22, 1958.                                      325 P.2d 771.

*Jones, Wiener and Jones,* of Las Vegas, for Appellant.

*Hawkins and Cannon* and *Zenoff and Magleby,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal from that portion of a divorce decree in favor of the wife which makes final allowance of counsel fees for the wife for services rendered pendente lite. The award of fees was made pursuant to a motion for allowances made during the pendency of the action. The sole assignment of error is that the court, as a basis for its allowance, considered services rendered prior to the date of the motion.

With reference to allowances pendente lite, NRS 125.040 provides that the court may "* * * require the husband to pay such sums as may be necessary to enable the wife to carry on or defend such suit. * * *" That an order for allowances under this section must operate prospectively has been well established in this state. Expenses incurred and attorneys' services performed in the past are not proper considerations. Benson v. Benson, 66 Nev. 94, 204 P.2d 316; Fleming v. Fleming, 58 Nev. 179, 72 P.2d 1110; Accord: Cunningham v. Cunningham, 60 Nev. 191, 192, 102 P.2d 94, 105 P.2d 398; Hannah v. Hannah, 57 Nev. 239, 62 P.2d 696; Wilde v. Wilde, 2 Nev. 306.

In the case before us the suit was brought by the wife September 7, 1956. Motion for allowances was made at that time. On October 12, 1956, after hearing, an order for allowances was made. Included was an allowance of $600 for counsel fees. Trial was set for April 10, 1957. On that date, prior to trial, a motion was made by the wife for additional counsel fees. The court deferred action until after trial had been completed. Trial was recessed and was not completed until April 18, 1957. The following day a hearing was had relative to the

motion for counsel fees and an order was made allowing additional counsel fees in the sum of $3,000. During the hearing testimony was admitted as to the nature and extent of legal services rendered between October 12, 1956 (the date of the original order for counsel fees), and April 10, 1957 (the date of motion for additional fees). Objection to such testimony, made by appellant, was overruled. It is conceded by counsel for respondent that the court order for additional allowances took into consideration the services performed during this period. The sole question before us is whether this was error.

Appellant contends that the court, in allowing additional counsel fees, was precluded from considering services rendered prior to the motion for additional counsel fees under our rule precluding the granting of allowances for services rendered in the past.

As we view it, the question in essence is as to the nature of the original order for counsel fees. Was it in any respect a final determination upon the existence and extent of the wife's right to allowances for specific purposes? Or was it rather in all respects an interlocutory, preliminary or tentative determination and subject always, until final judgment, to further interlocutory order of the court? In our view it is the latter rather than the former. It has been well established that the order does not possess the finality which would constitute it in effect a final judgment and that an appeal does not lie therefrom. Engebretson v. Engebretson, 73 Nev. 19, 307 P.2d 115; Harrison v. Harrison, 54 Nev. 369, 17 P.2d 693; Kapp v. Kapp, 31 Nev. 70, 99 P. 1077, 21 Ann. Cas. 599; Accord Wilkinson v. Wilkinson, 73 Nev. 143, 311 P.2d 735.

The original order made October 12, 1956 was not, then, a final determination upon the extent of the wife's right to receive and the husband's obligation to pay counsel fees under the existing circumstances. The fixing of the extent of that right and obligation was preliminary and tentative and subject to further interlocutory

order of the court. This being so, the application for additional allowances was but a renewal of the original motion, seeking review by the court of its preliminary order and an examination of the suitability of such order in the light of the circumstances existing at the time of the review.

In reviewing the suitability of the original order the court may properly consider services necessarily or properly rendered subsequent thereto, since such services were rendered in reliance not only upon the original order but also upon the right to seek review of such order.

Therefore we conclude that the court below did not err in admitting testimony relative to legal services performed between the date of the original order and the motion for additional allowances.

Affirmed.

BADT, C. J., and MERRILL, J., concur.