JOHN C. WHITEHEAD, Appellant, v. NORMAN KAYE REAL ESTATE CO., a Nevada Corporation, Respondent.

No. 4792

September 11, 1964                    395 P.2d 329

[Rehearing denied September 24, 1964]

*Pursel & Johnson,* of Las Vegas, for Appellant.

*Murray Posin,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent moved to dismiss the appeals herein upon the ground that the notice of appeal was not timely filed.

After the action was at issue, respondent moved the lower court for summary judgment, basing its motion "upon the affidavit of Irwin Sadur, Vice President of Plaintiff corporation, the papers, pleadings, and records on file." Appellant filed an affidavit in opposition to said motion. After a hearing, the court granted the motion and ordered judgment entered in favor of respondent. Judgment was entered accordingly. On April 6, 1964 written notice of entry of the judgment was served. On April 13, 1964 appellant filed a motion entitled "Motion for Rehearing" wherein he moved the court "for a Rehearing of Plaintiff's Motion for Summary Judgment * * * for the reasons set forth in Defendant's Points and Authorities filed herewith and made a part hereof." The papers filed with this latter motion consisted of an affidavit of one George L. Wright, with an exhibit attached, a written argument with respect to the legal effect of the matters contained in the affidavit, and a citation of District Court Rule 20(4).[1]

Respondent filed points and authorities in opposition to a rehearing which contain arguments pertaining to the effect of the Wright affidavit.

On May 11, 1964 the court signed an order reciting therein that the *motion for rehearing* came on for hearing, "and the Court, after hearing argument of counsel, and considering the evidence presented, and due deliberation having been made, it is ordered that the Motion for Rehearing *entered in the above-entitled action be, and the same is, hereby denied."*

Whether the court on the motion for rehearing considered only the affidavit of Wright and the written arguments for and against a rehearing, or whether it also considered the matters presented on the motion for summary judgment, cannot be determined from the record before us. If the former, it refused to grant permission to rehear the motion for summary judgment. If

---

[1]District Court Rule 20(4) provides: "No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

the latter, it actually reheard the motion and refused to disturb its former ruling.

Notice of appeal "from the Order granting Summary Judgment, the Judgment entered pursuant thereto and the Order denying Defendant's motion for a rehearing * * *" was filed May 19, 1964.

It is conceded that but for the filing of the motion for rehearing, the notice of appeal was not timely filed. NRCP 73 (a) requires that an appeal must be taken within 30 days from service of written notice of the entry of the judgment appealed from. Here the appeals were not taken within 30 days from such service.

It is appellant's contention that the running of the 30-day period was tolled by the filing of the motion for rehearing. We reject this contention.

NRCP 73 (a) specifies what particular motions terminate the running of time for appeal. A motion pursuant to District Court Rule 20 (4) is not included.

Appellant was required to file his notice of appeal not later than May 6, 1964. His motion for rehearing was noticed for hearing on April 17, 1964. If, in the event his motion for rehearing was denied, he intended to appeal also from the denial of the latter motion, it was incumbent upon him to have that motion determined before the 30-day period had run.

Appeal dismissed.