NORMAN F. ALVIS, Appellant, v. STATE OF NEVADA, THE NEVADA GAMING CONTROL BOARD, Presently Comprised of RICHARD W. BUNKER, JOHN H. STRATTON, and DALE W. ASKEW, Members, Respondents.

No. 14656

March 28, 1983                    660 P.2d 980

*Gentile & Massi,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, *James C. Giudici,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing a petition for judicial review and from an order denying rehearing of that decision.

Alvis filed a complaint with the Gaming Control Board against a hotel and casino. The Board issued a decision in favor of the club. Alvis thereafter petitioned the district court for judicial review of the Board's decision. Respondents subsequently moved to dismiss for lack of jurisdiction. The district court granted the motion and dismissed the petition. Notice of entry of the order was served by mail on October 5, 1982.

Alvis subsequently moved for rehearing. The district court issued an order on January 3, 1983, denying the motion. Notice of entry of the order was served by mail on January 5, 1983. Alvis filed his notice of appeal on February 7, 1983. The notice of appeal listed both the order denying the petition for judicial review and the order denying rehearing.

Respondents have now filed a motion to dismiss the appeal. The motion principally asserts that the notice of appeal was filed beyond the 30-day period specified in NRAP 4(a) and that this court lacks jurisdiction to entertain the appeal. We agree.

NRAP 4(a) clearly provides that the notice of appeal must be filed "within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from." In this case, respondents served the notice of entry of the order dismissing the petition for judicial review on October 5, 1982. The notice of appeal should have been filed no later than November 7, 1982. *See* NRAP 26(c); NRAP 4(a). Alvis failed to file his notice of appeal until February 7, 1983. The notice of appeal is untimely and this court may not, therefore, consider the appeal. *See* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981).

We find no merit to the contentions presented by Alvis in his memorandum of authorities opposing the motion to dismiss. In his first argument, Alvis asserts that the order issued by the

district court denying rehearing is a special order after final judgment and is, therefore, independently appealable under NRAP 3A(b)(2).

NRAP 3A(b)(2) permits a party to appeal from a "special order made after final judgment." Wilkinson v. Wilkinson, 73 Nev. 143, 145, 311 P.2d 735, 736 (1957) sets forth the standard to be applied in analyzing whether an order filed after entry of judgment is appealable:

> The mere fact that the order in point of time is made after a final judgment has been entered does not render it appealable. It must affect the rights of the parties growing out of final judgment.

The order denying rehearing in this case did not affect the rights of the parties as determined by the order dismissing the petition for judicial review. Accordingly, the order denying rehearing is not appealable as a special order made after final judgment. *Compare* Bates v. Nevada Savings & Loan Ass'n, 85 Nev. 441, 456 P.2d 450 (1969) (order *granting* rehearing is appealable as a special order after final judgment).

Alvis also contends that we should follow authorities in certain other jurisdictions which treat a motion for rehearing as a motion to alter or amend the judgment. By treating Alvis' motion as such, the time to appeal would be tolled under NRAP 4(a).

The rule is well-established in this jurisdiction that a motion for rehearing does not toll the time in which a notice of appeal may be filed. Whitehead v. Norman Kaye Real Estate, 80 Nev. 383, 395 P.2d 329 (1964); NRAP 4(a). We are not inclined to reject that rule.[1]

Accordingly, we hereby dismiss this appeal for lack of jurisdiction. *See* Ross v. Giacomo, *supra.*

---

[1] A review of the motion for rehearing reveals that Alvis merely sought reconsideration of the district court's earlier order dismissing the petition for judicial review. It cannot reasonably be construed as a motion to alter or amend the judgment pursuant to NRCP 59(e).