OPINION
 

 Per Curiam:
 

 This appeal from a post-judgment order provides us with an opportunity to clarify what constitutes a special order made after final judgment, which is substantively appealable under NRAP 3A(b)(2). We have generally held that a post-judgment order, to be appealable, must affect the rights of the parties growing out of the final judgment, but this standard has proved inadequate. Here, for example, the order does not technically affect the rights of the “parties” growing out of the final judgment, but only the rights of the plaintiff, his trial attorneys and various lienholders to receive judgment proceeds. Yet, the order would have qualified as an appealable order under an earlier interpretation of the rule, which required only that it affect some party’s rights growing out of the judgment. We conclude that the earlier interpretation is the preferable one since the more recent and narrower interpretation contradicts the broad language of NRAP 3A(b)(2), which permits an appeal from
 
 any
 
 special order made after final judgment.
 

 
 *914
 
 Thus, to be appealable under NRAP 3A(b)(2), a special order made after final judgment must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment. The order being appealed in this case clearly qualifies: it affects the plaintiffs right to distribution of the judgment proceeds. We conclude that we have jurisdiction, and that the appeal may therefore proceed.
 

 FACTS AND PROCEDURAL HISTORY
 

 Appellant John Gumm sued Albertson’s, Inc., and Top Quality Maintenance for personal injuries he sustained in a grocery store slip and fall accident. Gumm settled with the maintenance company for its $500,000 insurance policy limits, and proceeded to trial against Albertson’s. A jury awarded Gumm more than $1.8 million (to be reduced by thirty percent for his own fault). Gumm’s settlement and award were subject to more than $120,000 in medical provider lien claims, and a claim in an unspecified amount for his trial attorneys’ costs and fees. A dispute arose between Gumm and his trial attorneys, Randall Mainor and Thomas Murphrey, regarding the validity of the medical liens and the amount of their attorney fees. Gumm hired another attorney to help him resolve the dispute.
 

 Mainor then filed a “motion to interplead trust funds.” Gumm apparently opposed the motion on the basis that Mainor needed to file a separate complaint for interpleader under NRCP 22. At the May 31, 2001 hearing on the motion, however, and in its June 6, 2001 order, the court (1) ruled that Mainor’s motion was to be treated as a motion to adjudicate lien claimants, (2) ordered that the $145,655.80 held in the attorneys’ trust fund to cover medical liens be deposited with the court clerk, (3) gave Gumm fifteen days within which to file objections to lien claims, and (4) rescinded Mainor’s agreement to reduce Gumm’s outstanding costs by $2,500. The court granted Gumm’s request for NRCP 54(b) certification, and Gumm appealed.
 

 Gumm’s appeal was docketed in this court on June 25, 2001, as No. 38079, and dismissed for lack of jurisdiction on December 4, 2001, because no statute or court rule permits an appeal from a post-judgment order electing to treat a motion to interplead funds as a motion to adjudicate lien claimants, and the NRCP 54(b) certification was improper.
 

 Meanwhile, on August 2, 2001, the district court entered another order on the renamed “motion to adjudicate lienholder claims.” The court found that (1) the case had proceeded in an orderly manner and it had jurisdiction to rule on the motion; (2) the liens were valid; (3) Mainor did not breach his fiduciary duty
 
 *915
 
 to Gumm and properly deposited the disputed lien funds with the court for disbursement; and (4) the court had previously disclosed all relationships that could constitute a conflict of interest and there had been no recusal motion, so there was no basis for recusal at the later date. The court ordered distribution of $124,598.16 to the lienholders and $2,500 to Mainor, and reserved the remaining $18,557.64 on deposit with the court for possible future disbursement to the lienholders for attorney fees, costs and interest. The court granted Gumm’s request for NRCP 54(b) certification, and Gumm appealed.
 

 DISCUSSION
 

 The jurisdictional question presented is a recurring one that needs clarification. Under NRAP 3A(b)(2), with an exception not applicable here, an aggrieved party may appeal from “any special order made after final judgment.”
 
 [1]
 
 Since 1957, we have cited or quoted
 
 Wilkinson v.
 
 Wilkinson
 
 [2]
 
 as the seminal case establishing the following standard for such “special orders”:
 

 The mere fact that the order in point of time is made after a final judgment has been entered does not render it appeal-able. It must affect the rights of the parties growing out of final judgment.
 

 No published case analyzes
 
 Wilkinson,
 
 however, or examines the cited authority upon which this standard rests, although another divorce case has chosen a different analytical framework for deciding whether an order denying a motion to amend a decree is appealable as a special order made after final judgment.
 
 [3]
 

 
 *916
 

 Wilkinson
 
 is a divorce and custody case. Such cases, by their very nature, may entail numerous post-judgment proceedings over a period of years as the parties’ circumstances change and modifications are required. In
 
 Wilkinson,
 
 the court granted the wife a divorce decree in 1952, which contained child custody and property settlement provisions. In March 1953, the court entered an order implementing the decree by restraining the husband from disposing of any of his property. In November 1955, the husband moved to dissolve the restraining order on the basis that it was no longer needed. The wife then moved for allowances so that she could oppose the motion, and the court ordered the husband to pay $500 in preliminary attorney fees. The husband appealed from that order.
 
 [4]
 
 The wife moved to dismiss, and this court was faced with the question whether the husband’s appeal was from “ ‘any special order made after final judgment.’ ”
 
 [5]
 

 Apart from its summary of the facts and procedure, the
 
 Wilkinson
 
 court’s entire decision consists of two short paragraphs:
 

 The mere fact that the order in point of time is made after a final judgment has been entered does not render it appeal-able. It must affect the rights of the parties growing out of final judgment. Tardy v. Tarbell, 54 Nev. 342, 16 P.2d 656.
 

 The order here bears no relation to the final judgment or to its operation or enforcement. It relates instead to the proceedings which remain pending, and in relation to those proceedings is ancillary and interlocutory to the same degree as an order for allowances pending final decree is ancillary and interlocutory to the principal action. The nature of this order, then, is not that of an order after final judgment but of an interlocutory order ancillary to pending proceedings.
 
 [6]
 

 The
 
 Wilkinson
 
 decision has been expanded beyond the boundaries established by the facts of the case. Certainly, the order appealed from in
 
 Wilkinson
 
 is quite different from that appealed from in this case and, apart from the broad language in the first paragraph above,
 
 Wilkinson
 
 provides little guidance for determining whether the order before us is an appealable special order made after final judgment.
 

 
 *917
 
 In the case cited by
 
 Wilkinson, Tardy Et Al. v. Tarbell Et Al.,
 

 [7]
 

 this court was also faced with a motion to dismiss and, again, the case is unusual. The appeal arose out of the interaction between parties in two separate district court cases. A judgment was entered for plaintiff Tarbell in the first case,
 
 Tarbell v. Black Canyon Holding Co.,
 
 No. 3107. The plaintiff in the second case,
 
 Tardy v. Tarbell,
 
 No. 3495, then (1) obtained a writ of attachment in the second case levied against the indebtedness evidenced by the judgment in the first case, and (2) obtained a judgment in the second case against defendant Tarbell for $3,635. Shortly thereafter, execution was issued in the first case and levied on real property belonging to defendant Black Canyon. Before the scheduled sale under the execution, plaintiff Tardy in the second case moved in the first case to recall and quash the execution. The district court in the first case denied the motion, and Tardy and another person from the second case appealed. Tarbell moved to dismiss.
 
 [8]
 

 This court first concluded that the order refusing to quash and recall the execution was not appealable as a “special order made after final judgment.” In doing so, the
 
 Tardy
 
 court reviewed the construction given this phrase by other courts and endorsed the following expression of the principle by the Montana Supreme Court:
 

 “The special order, made after final judgment, from which an appeal lies, must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment.’ ’
 
 [9]
 

 The
 
 Tardy
 
 court then distinguished the Nevada case upon which the appellants relied,
 
 Comstock Mill & Mining Co.
 
 v. Allen,
 
 [10]
 
 in which this court had earlier said: “The statute provides for an appeal from
 
 ‘any
 
 special order made after judgment.’ The right is given without limitation or restriction.” The
 
 Tardy
 
 court explained that the language in
 
 Comstock
 
 was broad enough to support the appellants’ contention that the order was appealable, but because the appeal in that case was from an order retaxing costs— clearly an order contemplated by the statute as a special order after final judgment — the court’s broad language was mere dictum that was “of no consequence as an authority.”
 
 [11]
 
 The court did not
 
 *918
 
 explain why it concluded that an order retaxing costs was clearly a special order after final judgment, while an order refusing to quash and recall execution was not.
 

 Ironically, after discussing what constitutes a special order made after final judgment and the inadequacy of dicta as supporting authority, the
 
 Tardy
 
 court then ruled: ‘ ‘The appellants, not being parties to the action, have no right to be heard, or to appeal from said order. Hence the appeal must be dismissed.”
 
 [12]
 
 The
 
 Tardy
 
 court’s opinion thus suffers from the same flaw as the
 
 Comstock
 
 court’s opinion — it is dictum that is “of no consequence as an authority.”
 

 In
 
 Comstock,
 
 the appeal was from an order regarding costs, which was entered after dismissal of the water rights action.
 
 [13]
 
 In deciding that it had jurisdiction, this court noted that the controlling statute provided for an appeal from certain preliminary orders, from the final judgment or from any special order made after judgment. The right to appeal from a post-judgment special order was, according to the court, of equal right and dignity with the right to appeal from the judgment, and was given without limitation or restriction.
 
 [14]
 
 The court held that the fact that the appellant had consented to the judgment and had lost his right to appeal from the judgment did not affect his right to appeal from the order assessing costs; the order was entered after the judgment and the plain language of the statute provided for an appeal.
 
 [15]
 

 Wilkinson, Tardy
 
 and
 
 Comstock
 
 provide an inadequate basis for deciding what constitutes an appealable special order made after final judgment. The best authority on this issue provided by these cases is the Montana Supreme Court’s opinion, in
 
 Chicago, Milwaukee & St. Paul Railway Co. v. White,
 

 [16]
 

 which holds that an appealable special order made after final judgment
 

 must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment.
 

 Wilkinson,
 
 although it relies indirectly upon this interpretation of the phrase, changes it and states that the order “must affect the rights of
 
 the parties
 
 growing out of final judgment.”
 
 [17]
 
 There is
 
 *919
 
 neither explanation nor apparent reason in
 
 Wilkinson
 
 for requiring that the order affect the rights of
 
 the parties
 
 instead of the rights of
 
 any party,
 
 and the narrower interpretation contradicts the broad language of NRAP 3A(b)(2), formerly NRCP 72(b), which permits an appeal from
 
 any
 
 special order made after final judgment.
 

 The district court’s August 2, 2001 order in this case affected Gumm’s right to the money he was awarded on judgment through settlement or jury verdict. The district court’s order deprived Gumm of part of his judgment and distributed that money to others who claimed a right to it. The order is analogous to orders adjudicating attorney liens and awarding attorney fees and costs. This court has noted that a district court order awarding attorney fees and costs is a special order made after final judgment that is appealable by a party,
 
 [18]
 
 and it has allowed a client party to appeal from a post-judgment order adjudicating an attorney’s lien and awarding fees and costs.
 
 [19]
 
 Whether the district court properly adjudicated the medical liens by post-judgment motion instead of in a separate proceeding is one of the issues on appeal. Under the circumstances, it would be neither fair nor reasonable to require Gumm to challenge the district court’s distribution of part of his judgment proceeds to medical lien claimants by writ petition, on the basis that the distribution order is not an appealable special order made after final judgment; whereas, had the order distributed part of his judgment solely to his attorneys, he could have appealed on the basis that the order was an appealable special order made after final judgment.
 

 Nevertheless, under
 
 Wilkinson’s
 
 holding that an appealable special order made after final judgment is one affecting the rights of
 
 the parties
 
 growing out of the final judgment, the order at issue technically does not qualify. The order does not affect the rights of the defendants, Top Quality Maintenance or Albertson’s, who pay the same amount regardless how the judgment is subsequently distributed. (The same may be said of a post-judgment order adjudicating an attorney’s lien and awarding fees and costs, from which a party is permitted to appeal.) The
 
 Wilkinson
 
 interpretation is at odds with the rule’s language, as well as with the precedent the case relies upon in formulating the definition, and with the cases that have allowed a party to appeal from a post-judgment order adjudicating an attorney’s lien and awarding attorney fees and costs.
 

 This lack of clarity violates the fundamental principle that jurisdictional rules should be simple and clear.
 
 [20]
 
 Therefore, we take
 
 *920
 
 this opportunity to clarify what constitutes a special order made after final judgment, which is independently appealable under NRAP 3A(b)(2). We reject the
 
 Wilkinson
 
 interpretation, and we adopt the Montana interpretation first endorsed in
 
 Tardy.
 

 A special order made after final judgment, to be appealable under NRAP 3A(b)(2), must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment. Here, the order being appealed affects Gumm’s right to receive his judgment proceeds.
 

 CONCLUSION
 

 We conclude that the district court’s August 2, 2001 order is appealable as a special order made after final judgment and that we have jurisdiction over this appeal. Accordingly, we reinstate the briefing schedule and preparation of transcripts.
 
 [21]
 
 Court reporter Kris Cornelius shall have thirty days from the date of this opinion to comply with the provisions of NRAP 9(b). Appellant shall have one hundred days from the date of this opinion within which to file and serve the opening brief. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).
 

 [1]
 

 Formerly NRCP 72(b). Effective July 1, 1973, NRCP 72 through 76A were abrogated and replaced by the Nevada Rules of Appellate Procedure. Before January 1, 1953, the effective date of the Nevada Rules of Civil Procedure, the right to appeal was fixed solely by statute.
 

 [2]
 

 73 Nev. 143, 145, 311 P.2d 735, 736 (1957).
 

 [3]
 

 Burton v. Burton,
 
 99 Nev. 698, 700, 669 P.2d 703, 705 (1983), held that a different analysis applies in the context of an order denying a motion to amend a divorce decree, when the motion is based upon changed circumstances and the moving party is not attacking the original judgment; in such cases, the order adjudicates the facts and law at issue in the motion, and is appealable as a special order made after final judgment.
 
 Wilkinson
 
 is cited in four other published opinions for the proposition that a post-judgment order may be appealed only if it affects the rights of the parties growing out of final judgment:
 
 Wohlers v. Bartgis,
 
 114 Nev. 1249, 1269 n.10, 969 P.2d 949, 963 n.10 (1998) (order denying post-judgment motion for post-judgment interest on punitive damages not appealable as special order, but appeal construed as one from final judgment that failed to award post-judgment interest);
 
 Koester
 
 v.
 
 Estate of Koester,
 
 101 Nev. 68, 72, 693 P.2d 569, 572-73 (1985) (portion of order construing original and amended divorce decrees not appealable as special order, but portion entering original decree nunc pro tunc is);
 
 Alvis v.
 
 
 *916
 

 State, Gaming Control Bd.,
 
 99 Nev. 184, 186, 660 P.2d 980, 981 (1983) (order denying rehearing not appealable as special order, though order granting rehearing is); and
 
 Katleman
 
 v.
 
 Katleman,
 
 74 Nev. 141, 325 P.2d 420 (1958) (order denying wife’s post-decree motion for allowances also unappealable as special order).
 
 Wilkinson
 
 is cited more peripherally in two additional published opinions:
 
 Casino Operations, Inc. v. Graham,
 
 86 Nev. 764, 765 n.1, 476 P.2d 953, 954 n.1 (1970); and
 
 Levinson
 
 v.
 
 Levinson,
 
 74 Nev. 160, 162, 325 P.2d
 
 771,
 
 772 (1958).
 

 [4]
 

 73 Nev. at 144, 311 P.2d at 736.
 

 [5]
 

 Id.
 
 (quoting former NRCP 72(b)).
 

 [6]
 

 Id.
 
 at 145, 311 P.2d at 736.
 

 [7]
 

 54 Nev. 342, 16 P.2d 656 (1932).
 

 [8]
 

 Id. at 343-44, 16 P.2d at 656-57.
 

 [9]
 

 Id.
 
 at 345, 16 P.2d at 657 (quoting
 
 Chicago, M. & St. P. Ry. Co. v. White,
 
 93 P. 350, 351 (Mont. 1908)).
 

 [10]
 

 21 Nev. 325, 328, 31 P. 434, 435 (1892).
 

 [11]
 

 54 Nev. at 345, 16 P.2d at 657.
 

 [12]
 

 Id.
 
 at 346, 16 P.2d at 657.
 

 [13]
 

 21 Nev. 325, 31 P. 434.
 

 [14]
 

 Id.
 
 at 328, 31 P. at 435.
 

 [15]
 

 Id.
 
 at 328-30, 31 P. at 435.
 

 [16]
 

 93 P. 350, 351 (Mont. 1908). Montana, like Nevada, allows appeals in civil cases from “any special order made after final judgment.” M.R. App. P. 1(b)(2).
 

 [17]
 

 73 Nev. at 145, 311 P.2d at 736 (emphasis added).
 

 [18]
 

 Smith
 
 v.
 
 Crown Financial Services,
 
 111 Nev. 277, 280 n.2, 890 P.2d 769, 771 n.2 (1995).
 

 [19]
 

 Van Cleave
 
 v.
 
 Osborne, Jenkins & Gamboa,
 
 108 Nev. 885, 840 P.2d 589 (1992).
 

 [20]
 

 Rust v. Clark Cty. School District,
 
 103 Nev. 686, 747 P.2d 1380 (1987).
 

 [21]
 

 Because numerous respondents are in proper person, we deny appellant’s motion to assign the appeal to the settlement process.