An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN STEVEN OLAUSEN,<br>Appellant,<br>vs.<br>KENNETH JAMES MCKENNA, ESQ.,<br>Respondent. | No. 64509 |
| JOHN STEVEN OLAUSEN,<br>Appellant,<br>vs.<br>KENNETH JAMES MCKENNA, ESQ.,<br>Respondent. | No. 64894 |
| JOHN STEVEN OLAUSEN,<br>Appellant,<br>vs.<br>KENNETH JAMES MCKENNA, ESQ.,<br>Respondent. | ✔ No. 64895 |

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING REHEARING IN DOCKET NO. 64509 AND DISMISSING APPEALS IN DOCKET NOS. 64894 AND 64895

These are three unconsolidated proper person appeals arising from the same underlying district court case.

On March 25, 2014, a panel of this court dismissed the appeal pending in Docket No. 64509 based on appellant's failure to file his civil proper person appeal statement. Appellant now seeks rehearing of that decision. With regard to the appeals pending in Docket Nos. 64894 and 64895, these matters are before this court for jurisdictional prescreening.

### PROCEDURAL BACKGROUND

The documents transmitted to this court under NRAP 3(g) indicate that the district court granted respondent's motion for summary judgment on appellant's complaint on October 15, 2013. It does not appear, however, that a notice of entry of the October 15 order was ever filed or served on appellant. While a certificate of mailing (as to

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15576

appellant) and electronic service (as to respondent) from the Second Judicial District Court has been transmitted to this court, the service of such a document by the district court is not effective to commence the running of the time for filing either a notice of appeal or a tolling motion. Appellant subsequently appealed from the October 15 order (Docket No. 64509) through a notice of appeal filed on November 18, 2013. But before this appeal was filed, on November 14, 2013, appellant filed a motion for reconsideration in the district court,[1] and the timely filing of this post-judgment motion for reconsideration tolled the time for filing a notice of appeal until the entry of a written order resolving that motion. *AA Primo Builders, LLC v. Washington*, 126 Nev. ___, ___, 245 P.3d 1190, 1195 (2010). Under these circumstances, the appeal in Docket No. 64509 was prematurely filed, and thus, did not divest the district court of jurisdiction over the case below, NRAP 4(a)(6), or confer jurisdiction on this court.

Nonetheless, on December 12, 2013, the district court entered an order declining to rule on appellant's motion for reconsideration because, in its view, the November 18 notice of appeal had divested it of jurisdiction. That same day, the district court also entered an order declining to rule on appellant's post-judgment motion to strike respondent's opposition to the reconsideration motion for the same reason. As detailed above, however, appellant's November 14 motion for reconsideration tolled the time for filing an appeal, and thus, the premature filing of the November 18 notice of appeal did not divest the

---

[1]The district court docket entries confusingly indicate that this motion for reconsideration was received below on November 7, 2013, and that respondent filed an opposition to that motion one day before the district court's receipt of these documents, on November 6, 2013.

district court of jurisdiction to resolve these motions. NRAP 4(a)(6) (stating that "[a] premature notice of appeal does not divest the district court of jurisdiction"). On January 17, 2014, appellant filed separate notices of appeal from the district court's December 12 orders, which were docketed in this court as Docket Nos. 64894 and 64895.

*Rehearing in Docket No. 64509*

The appeal pending in Docket No. 64509 was placed in this court's pilot program for civil proper person appeals on January 14, 2014. The appeal was later dismissed on March 25, 2014, based on appellant's failure to file a civil proper person appeal statement. Appellant now seeks rehearing of this decision, arguing that this court changed the due date for the appeal statement and that he later filed this document as required. But the documents appellant relies on to support these contentions are the proper person pilot program forms he received in Docket No. 64894 and the completed appeal statement form he filed in that case. Because these materials have no bearing on our dismissal of the appeal in Docket No. 64509, we deny rehearing. NRAP 40(c).

*Jurisdictional issues and dismissal of appeals in Docket Nos. 64894 and 64895*

As detailed above, the district court has not entered an order resolving appellant's motion for reconsideration. Thus, even if we had not dismissed the appeal from the October 15, 2013, summary judgment order in Docket No. 64509 based on appellant's failure to file his appeal statement, his premature appeal would have been dismissed for lack of jurisdiction. *See* NRAP 4(a)(4) and (6). Further, the order refusing to rule on appellant's motion for reconsideration challenged in Docket No. 64894 and the order refusing to rule on appellant's motion to strike respondent's opposition to the reconsideration motion challenged in Docket No. 64895

do not constitute appealable post-judgment determinations. *See* NRAP 3A(b)(8) (allowing an appeal from a special order entered after a final judgment); *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002) (defining special order after final judgment as an order affecting the rights of some party arising from the previous judgment). We therefore dismiss the appeals in Docket Nos. 64894 and 64895 for lack of jurisdiction. Once a written, file-stamped order resolving his motion for reconsideration is entered, if aggrieved, appellant may appeal from the October 15 order at that time. *See* NRAP 4(a)(4) (providing that, if a party timely files a tolling motion in the district court, "the time to file a notice of appeal runs . . . from entry of an order disposing of [that] motion, and the notice of appeal must be filed no later than 30 days from the date of service of written notice of entry of that order").

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Janet J. Berry, District Judge
John Steven Olausen
Kenneth J. McKenna
Washoe District Court Clerk