# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD E. BENTON, AN INDIVIDUAL,
Appellant,
vs.
JEAN SHELDON, AN INDIVIDUAL; AND JOHN SHELDON, AN INDIVIDUAL,
Respondents.

No. 65296

DONALD E. BENTON, AN INDIVIDUAL,
Appellant,
vs.
JEAN SHELDON, AN INDIVIDUAL; AND JOHN SHELDON, AN INDIVIDUAL,
Respondents.

No. 66198 ✓

**FILED**

OCT 2 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING MOTION FOR EXTENSION OF TIME AND ADMINISTRATIVELY CLOSING APPEAL*

Docket No. 65296 concerns an appeal from a district court judgment in a breach of contract and tort action and from post-judgment orders awarding attorney fees and denying a new trial. On August 1, 2014, appellant filed a second amended notice of appeal in the district court; because it appeared that appellant was challenging an independently appealable post-judgment order awarding attorney fees and costs, the second amended notice of appeal was docketed in this court as a new appeal, Docket No. 66198. Upon further review, however, it appears that the order awarding attorney fees and costs clarifies earlier judgments on the attorney fees and costs award without affecting the rights of the parties arising therefrom. *Vaile v. Porsboll*, 128 Nev. ___, ___, 268 P.3d 1272, 1276 (2012) (explaining that "a modification occurs when the district court's order alters the parties' substantive rights, while a clarification

14-34975

involves the district court defining the rights that have already been awarded to the parties"). Accordingly, it appears that appellant properly amended the original notice of appeal to include the order awarding attorney fees and costs. NRAP 4(a)(5) and (7); *cf. Weddell v. Stewart*, 127 Nev. ___, ___ n.1, 261 P.3d 1080, 1082 n.1 (2011) (explaining that an amended notice of appeal must be docketed separately from the appeal from the final judgment when it challenges an independently appealable order); *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002) (recognizing that an appealable post-judgment order is one that affects the rights of a party growing out of the final judgment). Accordingly, we direct the clerk of this court to (1) transfer to Docket No. 65296 the second amended notice of appeal, docketing statement, and certificate of no (additional) transcript request that were filed in Docket No. 66198; (2) refund the filing fee paid in Docket No. 66198; and (3) administratively close Docket No. 66198.[1]

Appellant has moved for a 56-day extension of time to file the opening brief and appendix in Docket No. 65296, asserting that counsel has had the trial transcripts for only 30 days and was not involved in the case below. The motion is granted, and as requested, appellant shall have until December 2, 2014, to file and serve the opening brief and appendix.

It is so ORDERED.

_____, C.J.

cc:  Marquis Aurbach Coffing
     Sylvester & Polednak, Ltd.

---

[1] In light of this order, we deny as moot the motions to consolidate these appeals.