An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LOREN K. BRAZELL,
Appellant,
vs.
DEBRA BRAZELL A/K/A DEBRA
BEMENT,
Respondent.

No. 62295

**FILED**

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DISMISSING APPEAL IN PART AND AFFIRMING IN PART*

This is a proper person appeal from a post-divorce decree district court order denying a motion for contempt and related relief. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

Our review of the record before this court reveals that the majority of the district court's order is not appealable, and we lack jurisdiction to consider it. This court only has appellate jurisdiction when an appeal is authorized by statute or court rule. *See* NRAP 3A(b); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). The district court's order denied appellant's motion to hold respondent in contempt for numerous alleged violations of provisions in the parties' 2011 divorce decree, and the marital settlement agreement incorporated therein, and a subsequent order concerning the division of personal property. An order denying a motion to hold a party in contempt is not appealable. *See Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (recognizing that a contempt order is not appealable).

14-37474

Additionally, to the extent that the district court's order declined to address issues relating to assets of the parties' business due to a bankruptcy stay, the order is not otherwise appealable as a special order after final judgment, because the order does not affect the rights of a party to the action growing out of the judgment. *See* NRAP 3A(b)(8); *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002). Also, while the district court granted respondent's request for attorney fees, the order did not award an amount of fees but instead directed respondent to file an affidavit of fees and indicated that the court would take the matter under submission. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (providing that a post-judgment order awarding attorney fees is appealable as a special order made after final judgment). Thus, the attorney fees issue was not decided with finality. We therefore lack jurisdiction and dismiss this appeal as to these portions of the district court's order.

Finally, as to appellant's challenge to the portion of the district court's order denying his request to adjudicate items omitted from the divorce decree, appellant contends in his civil proper person appeal statement that the district court never addressed the undisclosed assets and debts. The district court's order, however, does address these claims by stating that appellant had not proven to the court's satisfaction that undisclosed assets and debts were present, and that several of the items were known to have existed at the time of the divorce and the parties waived their rights to further discovery by entering into the marital settlement agreement. Appellant has failed to establish on appeal that the district court's decision was an abuse of discretion. *See Doan v. Wilkerson*, 130 Nev. ___, ___, 327 P.3d 498, 501 (2014) (providing that this

court reviews district court orders in divorce proceedings under an abuse of discretion standard). Accordingly, we affirm this portion of the district court's order.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Frances Doherty, District Judge, Family Court Division
Loren K. Brazell
Surratt Law Practice, PC
Lemons, Grundy & Eisenberg
Washoe District Court Clerk