# IN THE SUPREME COURT OF THE STATE OF NEVADA

REZA ZANDIAN, A/K/A GOLAMREZA ZANDIANJAZI, A/K/A GHOLAM REZA ZANDIAN, A/K/A REZA JAZI, A/K/A J. REZA JAZI, A/K/A G. REZA JAZI, A/K/A GHONOREZA ZANDIAN JAZI, AN INDIVIDUAL,
Appellant,

vs.

JED MARGOLIN, AN INDIVIDUAL,
Respondent.

No. 69372

**FILED**

MAR 0 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an order granting a motion requiring appellant to appear for a debtor's examination and to produce documents. First Judicial District Court, Carson City; James Todd Russell, Judge.

Because it appeared from our preliminary review that no statute or court rule provides for an appeal from an order requiring a debtor's examination or production of documents, we directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. *See* NRAP 3A(b)(1); *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984); *see also Wardleigh v. Second Judicial Dist. Court In & For Cty. of Washoe*, 111 Nev. 345, 351, 891 P.2d 1180, 1184 (1995) (a writ of prohibition will issue to prevent discovery required by court order entered in excess of the court's jurisdiction). Appellant has responded to our order, and respondent has filed a reply.

Appellant concedes that no statute or rule specifically provides for an appeal from the order at issue, but argues that the order constitutes a special order after final judgment pursuant to *Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002) because it "affects the Appellant's rights

relative to Respondent's rights to execute the judgment." We disagree. "[T]o be appealable under NRAP 3A(b)(2), a special order after final judgment must be an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment." *Id.* at 914, 59 P.3d at 1221; *see also Wilkinson v. Wilkinson*, 73 Nev. 143, 145, 311 P.2d 735, 736 (1957) (the order "must affect the rights of the parties growing out of final judgment."). Any rights respondent has to execute upon the judgment arise out of the final judgment itself, not from the order directing a debtor's examination.

As a result, we conclude that this court lacks jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[1]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. James Todd Russell, District Judge
     Kaempfer Crowell/Reno
     Kaempfer Crowell/Carson City
     Brownstein Hyatt Farber Schreck, LLP/Reno
     Carson City Clerk

_____

[1]We deny as moot appellant's counsel's motion to withdraw.