# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIELLE TYRA,
                    Appellant,
        vs.
JASON PAUL VAN BUREN,
                    Respondent.

No. 75810

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a pro se appeal from a post-custody decree order regarding a request to modify custody. Eighth Judicial District Court, Clark County; T. Arthur Ritchie, Jr., Judge.

Our review of the documents before this court reveals a jurisdictional defect. This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *See Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984). Although a court rule authorizes an appeal to be taken from a special order after final judgment, *see* NRAP 3A(b)(8), to be appealable as a special post-judgment order, the order must affect the rights of a party growing out of the final judgment. *Gumm v. Mainor*, 118 Nev. 912, 59 P.3d 1220 (2002). Further, NRAP 3A(b)(7) allows an appeal from an order that finally establishes or alters child custody. The March 21, 2018, order challenged in this appeal denied without prejudice appellant's motion to modify custody, as the issues raised in the motion are currently before this court on appeal in Docket No. 72987. Because the challenged order neither affects the rights of the parties

18-22980

growing out of the custody decree, nor finally establishes or alters child custody, we lack jurisdiction to consider this appeal, and we

ORDER this appeal DISMISSED.[1]

_____Pickering_____, J.
    Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
        Hardesty

cc:    Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
       Danielle Tyra
       Michael A. Root
       Eighth District Court Clerk

---

[1]In light of this order, respondent's motion to dismiss, appellant's motion for modification of custody, and respondent's countermotion for vexatious litigant relief are denied as moot.