# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MURRAY; AND MICHAEL RENO, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,

Appellants,

vs.

A CAB TAXI SERVICE LLC; A CAB, LLC; AND CREIGHTON J NADY,

Respondents.

No. 81641

FILED

NOV 09 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT

BY_____
CHIEF DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court postjudgment order: (1) denying a motion to allow judgment enforcement, (2) denying a motion to distribute funds held by class counsel, (3) denying a motion requiring the turnover of certain property of the judgment debtor pursuant to NRS 21.320, (4) granting a countermotion for a stay of collection activities pending the appeal from the underlying judgment, and (5) reactivating a special master to gather additional information regarding the possibility of requiring further security deposits during the pendency of the appeal from the underlying judgment. Respondents have filed a motion to dismiss, arguing that the district court's order is not substantively appealable. Appellants have opposed the motion, and respondents have filed a reply.

This court has limited jurisdiction, and may only consider appeals authorized by statute or court rule. *Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013). "[T]he burden rests squarely upon the shoulders of a party seeking to invoke our jurisdiction to establish, to our satisfaction, that this court does in fact have jurisdiction."

20-40866

*Moran v. Bonneville Square Assocs.*, 117 Nev. 525, 527, 25 P.3d 898, 899 (2001).

First, appellants assert that the district court's order is appealable as a special order entered after final judgment. NRAP 3A(b)(8) allows an appeal from "[a] special order entered after final judgment." To qualify as an appealable special order entered after final judgment, the order "must be an order affecting the rights of some party to the action, growing out of the judgment previously entered." *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002). Crucially, however, "no statute or court rule appears to allow for an appeal from an order that relates to the mere enforcement of a prior judgment." *Superpumper, Inc. v. Leonard Tr. for Morabito*, Docket Nos. 79355 & 80214 (Order Dismissing Appeal and Regarding Motions, March 6, 2020).

For example, in *Gumm v. Mainor*, this court concluded that a postjudgment order that distributed a significant portion of the appellant's judgment proceeds to certain lienholders was appealable because it altered his rights under the final judgment. *See id.* at 920, 59 P.3d at 1225. We noted, in contrast, that a postjudgment order directing a portion of the appellant's judgment proceeds to be deposited with the district court clerk pending resolution of the lien claims was not appealable. *See id.* at 914, 59 P.3d at 1225.

In a number of similar contexts, this court has consistently reiterated that postjudgment orders that do not affect the rights incorporated in the judgment are not appealable as special orders after final judgment. *See, e.g., Superpumper, Inc. v. Leonard Tr. for Morabito*, Docket Nos. 79355 & 80214 (Order Dismissing Appeal and Regarding Motions, March 6, 2020) (orders denying claims of exemption asserted by appellants

in post-judgment enforcement proceedings were not appealable); *Zandian v. Margolin*, Docket No. 69372 (Order Dismissing Appeal, March 4, 2016) (postjudgment order requiring appellant to appear for a debtor's examination and produce documents was not appealable).[1]

Here, the district court's postjudgment order did not alter the amount of appellants' judgment or distribute any portion of the judgment to other parties. Nor did the order reduce respondents' liability or obligations under the judgment. Instead, the order simply stayed appellants' judgment enforcement proceedings during the pendency of respondents' appeal of the underlying judgment, thereby reserving resolution of appellants' efforts to enforce their judgment. Thus, because the district court's postjudgment order did not affect the rights incorporated in the judgment, it is not appealable as a special order entered after final judgment. *See* 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3916 (2d ed. 1992 and Supp. 2020) ("Appeal ordinarily should not be available as to any particular post-judgment proceeding before the trial court has reached its final disposition."); *see also Aspen Fin. Servs. v. Eighth Judicial Dist. Court*, 128 Nev. 635, 640, 289 P.3d 201, 205 (2012) (noting that an order granting or denying a stay of proceedings is not appealable).[2]

---

[1]Appellant cites *McCulloch v. Jeakins*, 99 Nev. 122, 659 P.2d 302 (1983), for the proposition that an order staying judgment enforcement is appealable. *McCulloch*, however, did not discuss jurisdiction and predates this court's decision in *Gumm*.

[2]Although appellants argue that the district court's order directed them to split the costs of a special master, this did not alter their legal rights under the substance of the judgment and, thus, does not render the order

Next, appellants contend that the district court's order is appealable as an order appointing or refusing to appoint a receiver. Under NRAP 3A(b)(4), "[a]n order appointing or refusing to appoint a receiver or vacating or refusing to vacate an order appointing a receiver" is appealable. The rule does not, however, mention an order appointing a special master. And, this court has repeatedly held that such an order is not appealable. *See, e.g., Russell v. Thompson*, 96 Nev. 830, 832, 619 P.2d 537, 538 (1980) (concluding that the district court's appointment of a special master to facilitate an appropriate division of certain property was not appealable, noting, "reference to a special master is not an appealable order"); *Hammer v. Rasmussen*, Docket No. 70647 (Order Dismissing Appeal, Aug. 9, 2016) (observing that "[n]o statutes or court rules provide for an appeal from . . . an order appointing a special master").

Here, the district court's postjudgment order neither granted nor denied a request to appoint a receiver. Rather, the order reactivated a special master to provide additional information to the court regarding the possibility of further security deposits during the pendency of the appeal from the underlying judgment. As noted, however, such an order is not appealable.[3]

---

an appealable special order after final judgment. *See generally Morrel v. Edwards*, 98 Nev. 91, 92, 640 P.2d 1322, 1324 (1982) (amendment that merely struck an award of costs from a judgment "did not affect the legal rights and obligations of the parties" in the substance of the judgment and, therefore, was not appealable).

[3]While appellants assert that the district court's minutes show that it intended to appoint a receiver, this court has made clear that "the clerk's minute order, and even an unfiled written order are ineffective for any purpose." *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987).

Finally, appellants contend that the district court's postjudgment order is appealable as an order "resolving a supplementary judgment enforcement proceeding" under NRS 21.320. "A 'supplementary proceeding' is 'held in connection with the enforcement of a judgment, for the purpose of identifying and locating the debtor's assets available to satisfy the judgment.'" *Nevada Direct Ins. Co. v. Fields*, Docket No. 66561 (Order Vacating Judgment and Remanding, Feb. 26, 2016) (quoting *Black's Law Dictionary* (8th ed. 2004)). Pursuant to NRS 31.460, "appeals may be taken and prosecuted from any final judgment or order in such proceedings as in other civil cases."

Assuming, without deciding, that appellants' various postjudgment enforcement efforts could be construed as a "supplementary judgment enforcement proceeding," the district court has yet to reach a final disposition in such proceedings. Instead, as explained above, the district court stayed those proceedings during the pendency of respondents' appeal of the underlying judgment, thereby reserving resolution of appellants' efforts to enforce their judgment. Thus, the district court's postjudgment order is not appealable under NRS 31.460. As it does not appear that the challenged order is otherwise appealable at this time, we conclude that this court lacks jurisdiction, and we grant the motion to dismiss and

ORDER this appeal DISMISSED.

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                                              Silver

cc: Hon. Rob Bare, District Judge
Leon Greenberg Professional Corporation
Rodriguez Law Offices, P.C.
Cory Reade Dows & Shafer
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk