IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRUDI LEE LYTLE; AND JOHN ALLEN LYTLE, AS TRUSTEES OF THE LYTLE TRUST,<br>Appellants,<br>vs.<br>SEPTEMBER TRUST, DATED MARCH 23, 1972; GERRY R. ZOBRIST AND JOLIN G. ZOBRIST, AS TRUSTEES OF THE GERRY R. ZOBRIST AND JOLIN G. ZOBRIST FAMILY TRUST; RAYNALDO G. SANDOVAL AND JULIE MARIE SANDOVAL GEGEN, AS TRUSTEES OF THE RAYNALDO G. AND EVELYN A. SANDOVAL JOINT LIVING AND DEVOLUTION TRUST DATED MAY 27, 1992; DENNIS A. GEGEN AND JULIE S. GEGEN, HUSBAND AND WIFE, AS JOINT TENANTS; ROBERT Z. DISMAN; AND YVONNE A. DISMAN,<br>Respondents. | No. 81390 <br><br>  <br> FILED <br> FEB 18 2022 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

*ORDER DISMISSING APPEAL*

This appeal challenges a district court order holding appellants in contempt and a subsequent order clarifying the contempt order in a real property action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.[1]

After successfully litigating three separate cases against their homeowners' association, appellants Trudi Lee Lytle, John Allen Lytle, and the Lytle Trust (the Lytles) secured judgments against the association

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-05423

totaling approximately $1.8 million. After this court upheld permanent injunctions prohibiting the Lytles from enforcing those judgments against the other homeowners in the association, *see Lytle v. Boulden*, No. 73039, 2018 WL 6433005 (Nev. Dec. 4, 2018) (Order of Affirmance); *Lytle v. September Trust*, Nos. 76198, 77007, 2020 WL 1033050 (Nev. March 2, 2020) (Order of Affirmance), the Lytles sought and secured a court-appointed receiver over the association in a separate district court action. Because the receiver's powers included the ability to make special assessments against the association's homeowners, respondents, several homeowners in the association, moved in the injunction case for an order to show cause why the Lytles should not be held in contempt for violating the injunction. The district court granted the respondents' motion, held the Lytles in contempt, and subsequently entered an order clarifying that its injunction prohibited the Lytles from taking any action against the association that would result in the homeowners paying the Lytles' judgments against the association.

Our review of this appeal reveals a jurisdictional defect, as no statute or rule appears to authorize an appeal from a district court contempt order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 344, 301 P.3d 850, 850 (2013) ("This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule."). This court has previously explained that contempt orders that seek to ensure "compliance with the district court's orders," like that involved here, are more appropriately challenged by a writ petition. *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649-50, 5 P.3d 569, 571 (2000). Although appellants assert that the order is appealable as a special order after final judgment, *see* NRAP 3A(b)(8), they do not demonstrate that the order affects

SUPREME COURT
OF
NEVADA

(O) 1947A

2

their rights arising from the final judgment (the injunction), *see Gumm v. Mainor*, 118 Nev. 912, 914, 59 P.3d 1220, 1221 (2002) (providing that an appealable special order after final judgment "must be an order affecting rights incorporated in the judgment"). And we are not persuaded by appellants' argument that the order is appealable pursuant to NRAP 3A(b)(3) because it grants new injunctive relief. *See* NRAP 3A(b)(3) (authorizing an appeal from a district court order granting or denying an injunction). Accordingly, this court lacks jurisdiction and we

ORDER this appeal DISMISSED.[2]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr.J.
Gibbons

cc: Hon. Timothy C. Williams, District Judge
Israel Kunin, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Fidelity National Law Group/Las Vegas
Christensen James & Martin
Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.